# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY NIXON, )  | |
|         Plaintiff, ) | |
| v. ) | |
| ) | No. 08 CV 1391 |
| R.B. GUSTAFSON COMPANY, an Indiana ) | |
| corporation, ) | |
|         Defendant. ) | |

## ANSWER TO COMPLAINT

Defendant, R.B. GUSTAFSON COMPANY, an Indiana corporation, by and through its attorney, James C. Vlahakis, and for its Answer to Plaintiff's Complaint, states as follows:

1.  Plaintiff JEFFREY NIXON is an individual and was at all relevant times a resident of the State of Illinois and is currently a resident of the Village of Northbrook, County of Cook, State of Illinois.

**ANSWER:** Defendant admits that Plaintiff is an individual who resided in the State of Illinois and states that Defendant rented various residential properties for Plaintiff in the State of Indiana. Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff is currently a resident of the Village of Northbrook.

2.  Defendant R.B. GUSTAFSON COMPANY is an Indiana corporation which does business nationwide including Illinois. Defendant is in the business of providing lighting products to the RV and manufactured housing industry.

**ANSWER:** Admitted.

3.  At all relevant times, Mr. Josh Daitch was the director and the chairman of the board of the Defendant.

**ANSWER:** Admitted.

4.  At all relevant times, Mr. Dan Howell was a board member of the Defendant.

**ANSWER:**   Admitted.

5.   On or about January 26, 2005, the Plaintiff entered into a Senior Management Agreement with the Defendant, Gustafson Holdings Corp., a Delaware corporation and Mesirow Capital Partners VIII, L.P. (the "Employment Agreement").  A true and correct copy of the Employment Agreement is attached hereto as <u>Exhibit A</u> and made a part hereof.

**ANSWER:**   Defendant admits the first sentence but denies the second sentence to the extent Plaintiff has not attached the complete Employment Agreement.  Defendant, however, admits that the pages Employment Agreement attached to the Complaint appear to be true and accurate copies.

6.   The Employment Agreement had a term of three (3) years expiring January 26, 2008.

**ANSWER:**   Admitted.

7.   On or about January 4, 2008, Plaintiff met with Mr. Josh Daitch and Mr. Dan Howell, at Mr. Daitch's office in Chicago, Illinois.

**ANSWER:**   Admitted.

8.   At that meeting, Mr. Daitch informed the plaintiff that his employment under the Employment Agreement was terminated pursuant to a vote by the Board of Directors of the Defendant.  During that meeting, the Plaintiff was also instructed by Mr. Josh Daitch to prepare an exit memorandum to aid in the transition of certain business activities of the Plaintiff.  Mr. Josh Daitch also instructed the Plaintiff to return the next day, January 5, 2008, to clean out his office.

**ANSWER:**   Defendant denies the first sentence, admits the second sentence to the extent Mr. Daitch asked Plaintiff to prepare an exit memorandum to aid in the transition of certain business activities in light of Plaintiff's resignation, and admits the third sentence to the extent Mr. Daitch asked Plaintiff when he would be able to clean out his office in light of his resignation.  Defendant denies the remaining allegations not otherwise admitted.

9.   On January 5, 2008, the Plaintiff, under the supervision of Ms. Heather Smith, the

2

Human Resources manager of the Defendant, cleaned out his office.

**ANSWER:**   Admitted.

10.   The termination of Plaintiff's employment was without "Cause," as the definition of "Cause" is set forth in Section 9 of the Employment Agreement and Plaintiff was not terminated for any of the reasons listed in the definition of "Cause" in Section 9 of the Employment Agreement.

**ANSWER:**   Denied.

11.   Section 6(d) of the Employment Agreement states in relevant part:

> "If the Executive's [Plaintiff's] employment is terminated by the Company [Defendant] without Cause, then during the 12 month period commencing on the date of termination, the Company shall pay the Executive at a rate equal to Executive's Annual Base Salary, payable in equal installments on the Company's regular salary payment dates . . . and allow the Executive to continue participating in all of the Company's medical, disability and life insurance plans on the same basis as he was participating prior to termination . . . "

**ANSWER:**   Admitted.

12.   Despite repeated demands by Plaintiff for payment of the annual base salary and for the continuation of participation in the Defendant's medical, disability and life insurance plans pursuant to Section 6(d) of the Employment Agreement, Defendant has, in breach of the Employment Agreement, refused to remit such payments or continue Plaintiff's participation in the medical, disability and life insurance plans.

**ANSWER:**   Defendant admits that Plaintiff has demanded payment of his annual base salary but denies the remaining allegations.

13.   As a result of Defendant's breaches, Plaintiff has suffered damages including but not limited to the unpaid annual base salary of approximately $200,000.00 and the costs incurred by Plaintiff to continue medical, disability and life insurance.

**ANSWER:**   Denied.

6305920v1 887376

14. In addition, pursuant to section 11(g) of the Employment Agreement, Plaintiff may recover damages and costs (including attorney's fees) caused by any breach of any provision of the Employment Agreement and to exercise all other rights existing in his favor.

**ANSWER:** Defendants admits that Plaintiff has paraphrased aspects of paragraph 11(g) of the Employment Agreement but denies that Plaintiff is entitled to any relief.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief that he seeks.

**Defendant demands a trial by a jury.**

                          R.B. GUSTAFSON COMPANY, an Indiana corporation, Defendant

                          By: /s/ James C. Vlahakis
                              One of its Attorneys

James C. Vlahakis
Hinshaw & Culbertson LLP
222 N. LaSalle Street
Suite 300
Chicago, IL  60601
312-704-3000
312-704-3001  Fax
jvlahakis@hinshawlaw.com

4

CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.


Respectfully submitted,

By: /s/ James Vlahakis

James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
312-704-3000
jvlahakis@hinshalaw.com

5