**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY NIXON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 1391 |
| v. | ) | |
| | ) | Judge Der-Yeghiayan |
| R.B. GUSTAFSON COMPANY, | ) | |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

## <u>PLAINTIFF'S MOTION TO COMPEL</u>

Plaintiff, JEFFREY NIXON ("JEFFREY"), through his attorneys, Ciesla &
Ciesla, P.C., pursuant to Rules 30,33, 34 and 37 of the Federal Rules of Civil Procedure
and Local Rule 37.2, moves for relief against Defendant, R. B. GUSTAFSON
COMPANY ("GUSTAFSON"), and in support thereof, states as follows:

### *History of the Case*

1.      Plaintiff, JEFFREY NIXON (hereinafter "JEFFREY") filed his *Complaint*
for Breach of Contract on January 30, 2008 in the Circuit Court of Cook County, Illinois.
On the same date, a *Summons* was issued.  On February 7, 2008 GUSTAFSON was
served by the Elkhart County Sheriff's Department.  On March 7, 2008, GUSTAFSON
filed a *Notice of Removal Based Upon Diversity Jurisdiction*, this case was removed to
the instant venue.

### *Depositions*

2.      JEFFREY served *Notices of Depositions* for the following people on the
following dates:

| *Deponent* | *Notice Propounded* | *Proposed Deposition Date* |
|---|---|---|
| Heather Smith | June 11, 2008 | August 4, 2008 |
| Jeff Gaugler | June 11, 2008 | August 4, 2008 |
| Kirk Sobecki | June 11, 2008 | August 5, 2008 |
| Brian Gamble | June 11, 2008 | August 5, 2008 |
| Jack Milner | June 11, 2008 | August 7, 2008 |
| Larry Kazanowski | June 11, 2008 | August 7, 2008 |
| Daniel Howell | June 11, 2008 | August 11, 2008 |
| Joshua Diatch | June 11, 2008 | August 12, 2008 |
| Brent Lehman | July 25, 2008 | August 10, 2008 |
| Marcy Lasko | July 25, 2008 | August 10, 2008 |

(Copies of Notices of Deposition attached as **Exhibits A** and **B**).

3.     To date, Defendant has not produced a single witness for deposition, citing among other things: travel conflicts, illness, inconvenience and general unavailability.

4.     As it became apparent to Plaintiff's counsel that Defendant was not willing to schedule firm deposition dates and because Defendant's responses to Plaintiff's Interrogatories and Requests for Production were still outstanding, on July 25, 2008, one of Plaintiff's attorneys sent Defendant's counsel a letter suggesting that two blocks of days for depositions be held by the parties pending compliance with outstanding discovery. (Copy of July 25, 2008 letter attached hereto as **Exhibit C**).

5.     In response to Plaintiff's council's letter of July 25, 2008, Defendant's counsel stated in an email as follows: "I can agree to hold open the dates you suggested and that's a good thing because those dates are wide open." (Copy of Defendant's counsel's email dated July 25, 2008 attached hereto as **Exhibit D**).

6.    On August 6, 2008, this Honorable Court entered an Order which provided, in relevant part: a) the discovery closure date was reset from August 29, 2008 to September 30, 2008; and, b) the Court would conduct a settlement conference on September 5, 2008.

7.    After entry of the August 6, 2008 Order, counsel for both parties agreed not to take depositions until after the September 5, 2008, settlement conference.

8.    On August 14, 2008, one of Plaintiff's attorneys sent Defendant's council a letter seeking to re-schedule the depositions of the following people, should a settlement not be reached, on September 5:

a)    Marcy Lasko

b)    Heather Smith

c)    Kirk Sobecki

d)    Dan Howell

e)    Jack Milner

f)    Larry Kazanowski

g)    Josh Daitch

All but one of the above individuals were scheduled to give depositions on dates that the Defendant had agreed to hold, as confirmed by its counsel (*see Exhibit D*). (A copy of Plaintiff's attorney's letter of August 14, 2008 is attached hereto as **Exhibit E**)

9.    Seven (7) days later, on August 21, 2008, Defendant's counsel responded to Plaintiff's request to reschedule the depositions listed in "8" above.  However, Defendant's counsel again refused to confirm any depositions, citing unavailability and inconvenience for some witnesses, ignoring the requests as to other witnesses, and

refusing to suggest alternative dates for any witnesses. (Copy of Defendant's counsel's August 21, 2008 email attached hereto as **Exhibit F**).

10.    As discovery is set to close on September 30, 2008, it is essential for Plaintiff to schedule depositions of necessary witnesses, in the order it believes relevant to discover or lead to the discovery of admissible information.

### *Interrogatories and Production Request*

11.    JEFFREY propounded his first set of *Interrogatories* and *Request for Production of Documents* on June 11, 2008. (Copies of Plaintiff's first set of Interrogatories and Request for Production of Documents are attached hereto as **Exhibits G and H**).

12.    Defendant requested two extensions to answer Plaintiff's first set of discovery, and finally answered on July 30, 2008 at 6:30 p.m. (Copies of Defendant's responses to Plaintiff's first set of discovery is attached hereto as Exhibits **I and J**).

13.    Defendant objected to certain of Plaintiff's Interrogatories and Production Requests, specifically:

a)    **Request for Production – Item 11:**  All documents reviewed, relied upon and generated by any witness (lay or expert) Defendant intends to call at trial.

**Defendant's Response:** "Objection, this request is premature."

b)    **Request for Production – Item 12:**  All shareholder and director resolutions and minutes (including all drafts of any resolutions and minutes) of the Defendant since 2005.

**Defendant's Response:** "Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence."

c) **Request for Production – Item 13:** The Bylaws and Articles of Incorporation or charter of the Defendant and any amendments thereto.

**Defendant's Response:** "Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence."

d) **Interrogatory – Item 3:** Provide the name and address of each lay witness who will testify at trial and state the subject of each witness' testimony, and for those lay witnesses expected to offer lay opinion testimony, state the subject matter on which the lay opinion witness is expected to testify.

**Defendant's Response:** "Objection, this request is premature. Defendant will disclose its witness designations in accordance with the court approved deadlines in relation to the parties' pre-trial order. Subject to and without waiving this objection, see Answer to Interrogatory No. 3."

e) **Interrogatory – Item 4:** Provide the name and address of each independent expert witness who will offer any testimony and for each such witness provide all the information required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

**Defendant's Response:** "Objection, this request is premature. Defendant will disclose its expert in accordance with the court approved discovery schedule or otherwise in accordance with the deadlines set by FRCP 26."

14.    In Plaintiff's counsel's letter of August 14, 2008 (*see Exhibit E*),

Plaintiff's counsel responded to certain of Defendant's objections

a) Regarding item "11" of the production request Plaintiff advised Defendant that its objection was improper as it is not a basis to object under applicable court rules.

b) Regarding item "12" of the production request Plaintiff responded by advising Defendant that Mr. Nixon reported directly to the Board of Directors, Board of Director action was required in order to terminate his employment with or without cause, hire a new Chief Executive Officer, and we presume a whole host of other items regarding the issues presented in Mr. Nixon's Complaint.

c) Regarding item "13" of the production request Plaintiff responded by advising Defendant that Mr. Nixon reported directly to the

Board of Directors and Board Action is governed by the Bylaws, Articles of Incorporation, Charter and/or amendments thereto.

d)    Regarding Interrogatory "3" Plaintiff advised Defendant that its objection that the request is premature is not a proper basis to object.

e)    Regarding Interrogatory "4" Plaintiff advised Defendant that its objection that the request is premature is not a proper basis to object.

As to each item listed above, Plaintiff sought an immediate response.

15.    On August 21, 2008, Plaintiff's counsel sent Defendant's counsel and email asking if Defendant had agreed to waive any of the objections as cited in "13" above. (Copy of August 21, 2008 email attached hereto as **Exhibit K**).

16.    On August 21, 2008 Defendant's counsel responded by email and stated that "No, we have not conceded to waive any objections." (Copy of August 21, 2008 email attached hereto as **Exhibit L**).

17.    Production of outstanding items and respionses to outstanding interrogatories are necessary for the Plaintiff to adequately prepare for the scheduled Settlement Conference and ultimately, in preparation of trial and in anticipation of a discovery closure date of September 30, 2008.

### *History of Delay*

18.    GUSTAFSON has a history of delay in this matter.

19.    To date, Defendant has not met a single deadline in this case.

20.    For example, GUSTAFSON's *Answer* was due on March 7, 2008. JEFFREY's attorney made repeated requests of Defendant's counsel to answer the Complaint.  Defendant's counsel made repeated promises to Answer, but failed to meet

each self imposed extension. JEFFREY's counsel filed a Motion for Default on April 8, 2008.

21.    Upon receiving JEFFREY's Motion for Default, Defendant requested that Plaintiff withdraw its Motion and file an Answer before the presentment of the Motion. JEFFREY agreed and withdrew his Motion for Default.

21.    Another example is Defendant's inability to answer Interrogatories and Production Requests in a timely manner. Defendant continues to fail to meet agreed to production dates, and, upon the eve of extensions granted by Plaintiff, repeatedly requests even more time to respond.

22.    A final example is Defendant's failure to agree to produce a single witness for deposition, even on dates confirmed by Defendant's counsel and Defendant's refusal to suggest alternative dates for witness unavailable on previously blocked out deposition days.

23.    Plaintiff has been forced to incur attorneys' fees in the preparation and presentment of this motion.

WHEREFORE, Plaintiff, JEFFREY NIXON prays this Honorable Court as follows:

a)    compelling the depositions of the Marcy Lasko, Heather Smith, Kirk Sobecki, Dan Howell, Jack Milner, Larry Kazanowski, and Josh Daitch, in the order so listed;

b)    compelling the Defendant to answer Plaintiff's Interrogatories 3 and 4;

c)    compelling the Defendant to produce items 11, 12 and 13 requested in Plaintiff's first request for production;

d)   for an award of attorneys fees for the preparation, pursuit and presentment of this motion;

e)   for such further relief as this Court deems just and equitable.

Respectfully Submitted,

Kathryn L. Ciesla
One of Plaintiff's Attorneys

### Certification Pursuant to Fed.R.Civ.P. 37(a)(2)(B)
### And Local Rule 37.2

Kathryn L. Ciesla, attorney for plaintiff herein, hereby certifies that after personal consultation with opposing counsel and sincere attempts to resolve the differences set forth in the foregoing motion, counsel for the parties herein were unable to reach an accord.

The discussions concerning these differences were held on all dates and times as referenced herein via letter and electronic mail.

Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on August __, 2008 I served a copy of the above document upon counsel for the defendant via e-mail and by depositing the same in the United States Mail, postage prepaid.

Kathryn L. Ciesla, Esq.
Steven M. Cloh, Esq.
Ciesla & Ciesla, P.C.
836 Skokie Blvd.
Northbrook, Illinois 60062
(847) 412-1988

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JEFFREY NIXON,             )
                               )
              Plaintiff,   )     Case No. 08 CV 1391
                               )
    v.                   )     Judge Der-Yeghiayan
                               )
R.B. GUSTAFSON COMPANY,    )     Magistrate Judge Ashman
                               )
             Defendant.   )

**NOTICE OF DEPOSITIONS**

To:     James C. Vlahakis
         Hinshaw & Culbertson LLP
         222 N. LaSalle Street, Suite 300
         Chicago, Illinois 60601

You are hereby notified that pursuant to the provisions of the Federal Rules of Civil Procedure the undersigned will take the deposition of the following named deponents before a notary public or any other duly authorized officer at 836 Skokie Blvd., Northbrook, Illinois on the following dates and times:

1.    Heather Smith, August 4, 2008 at 9:00 a.m.
2.    Jeff Gaugler, August 4, 2008 at 2:00 p.m.
3.    Kirk Sobecki, August 5, 2008 at 9:00 a.m.
4.    Brian Gamble, August 5, 2008 at 2:00 p.m.
5.    Jack Milner, August 7, 2008 at 9:00 a.m.
6.    Larry Kazanowski, August 7, 2008 at 2:00 p.m.
7.    Daniel Howell, August 11, 2008 at 9:00 a.m.
8.    Joshua Daitch, August 12, 2008 at 9:00 a.m.

You are hereby further notified pursuant to the Federal Rules of Civil Procedure that you are by this notice required to have the deponents present at the date, time, and place stated for oral examination.

Each deponent is hereby requested to produce at said time and place all of the records in his or her possession or control which pertain to the incident described in the pending Complaint at Law and Answer.

                                    E. Michael Ciesla
                                    One of Plaintiff's Attorneys

E. Michael Ciesla
Ciesla & Ciesla, P.C.
836 Skokie Blvd.
Northbrook, Illinois 60062
(847) 412-1988



**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2008 I served a copy of the above document upon counsel for the defendant via e-mail and by depositing the same in the United States Mail, postage prepaid.

E. Michael Ciesla

E. Michael Ciesla
Ciesla & Ciesla, P.C.
836 Skokie Blvd.
Northbrook, Illinois 60062
(847) 412-1988

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY NIXON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 1391 |
| v. | ) | |
| | ) | Judge Der-Yeghiayan |
| R.B. GUSTAFSON COMPANY, | ) | |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

### SECOND NOTICE OF DEPOSITIONS

To:      James C. Vlahakis
              Hinshaw & Culbertson LLP
              222 N. LaSalle Street, Suite 300
              Chicago, Illinois 60601
              jvlahakis@hinshawlaw.com

You are hereby notified that pursuant to the provisions of the Federal Rules of Civil Procedure the undersigned will take the deposition of the following named deponents before a notary public or any other duly authorized officer at 836 Skokie Blvd., Northbrook, Illinois on the following dates and times:

    1.    Brent Lehman, August 10, 2008 at 9:00 a.m.
    2.    Marcy Lasko, August 10, 2008 at 2:00 p.m.

You are hereby further notified pursuant to the Federal Rules of Civil Procedure that you are by this notice required to have the deponents present at the date, time, and place stated for oral examination.

Each deponent is hereby requested to produce at said time and place all of the records in his or her possession or control which pertain to the incident described in the pending Complaint at Law and Answer.

Kathryn L. Ciesla
One of Plaintiff's Attorneys

Kathryn L. Ciesla, Esq.
Steven M. Cloh, Esq.
Ciesla & Ciesla, P.C.
836 Skokie Blvd.
Northbrook, Illinois 60062
(847) 412-1988



## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2008 I served a copy of the above document upon counsel for the defendant via e-mail and by depositing the same in the United States Mail, postage prepaid.

# CIESLA & CIESLA, P.C.

## ATTORNEYS AT LAW
836 Skokie Boulevard, Northbrook, IL 60062
T. 847.412.1988 • F. 847.418.3217

www.cieslaciesla.com

July 25, 2008

James C. Vlahakis, Esq.
Hinshaw & Culbertson, LLP
222 N. LaSalle Street, Ste. 300
Chicago, IL  60601
**VIA US AND ELECTRONIC MAIL:** jvlahakis@hinshawlaw.com

     *Re:     Nixon v. R. B. Gustafson Company, 08 CV 1391*

Dear Mr. Vlahakis:

As we agreed two weeks ago to a deadline of today, July 25, 2008, for the completion of all outstanding interrogatories and requests for production, I am honoring that deadline by enclosing herewith Jeffrey Nixon's answers to Defendant's Interrogatories, production responsive to the Request to Produce and responses to the Request to Admit. However, I will agree, for a final time, to extend your client's deadline to Wednesday, July 30, 2008.

Also enclosed herewith is a Second Notice of Depositions. Since we have not yet received your client's discovery, it is impossible for us to proceed with any of our depositions as originally noticed. I suggest that we block off August 27, 28, 29 and September 10, 11, 12 for depositions in this case. Once we receive and review your client's production, we will be in a better position to estimate the time necessary for the deps and, if possible, be more flexible with the order of depositions.

Regarding your recent email wherein you suggest that you will craft Interrogatory answers to avoid the necessity of producing witness for depositions, my position is that your client's answers are what they are. I would hate to think that you avoid completeness and full disclosure because we have scheduled depositions in the case. Your articulated position is troubling.

Finally, it is my understanding that the substantive conversations that you had with my partner, Michael Ciesla, regarding the scope and nature of the discovery process were minimal and not dispositive. As I indicated to you before, my partner Steve Cloh and I will be taking the case forward.

If you still have an interest in speaking about these issues, please feel free to call me.

Sincerely,

Kathryn L. Ciesla
Attorney at Law

cc:     Jeffrey Nixon

EXHIBIT

C

ALL-STATE LEGAL®

## Kathryn Ciesla

**From:**    James Vlahakis [jvlahakis@hinshawlaw.com]
**Sent:**    Friday, July 25, 2008 4:03 PM
**To:**    Kathryn Ciesla
**Subject:** Re: Please see the Attached

Kathryn,

I can agree to hold open the dates you suggested and that's a good thing because those dates are wide open.

Unfortunately, I believe that you and I have gotten off to a difficult start in this case.

First, I've never had so much difficulty obtaining an extension. Second, I feel like I'm playing telephone tree with you with regard to discussions I had with your husband just weeks ago. My point about the interrogatories is that your husband suggested that his decision on the deps would hinge on what we said - suggesting that if our answers were straight and to the point he'd be in a better position to evaluate whether he would depose them. Your husband and your client both know what was discussed on the phone with Jeff and the various none players. Your husband and I discussed this in terms of hypotheticals "if witness X says he did not have a discussion with Jeff regarding the disputed issues (termination versus resignation) we may not depose him," etc.

Knowing how lawyers are often accused of spending too much time drafting and reading into words, I wanted to take a reasonable approach by opening up a further dialogue with you about what type of interrogatories would give you comfort. All I was trying to do is avoid drafting something that gave you or your husband any discomfort or lack of clarity over the scope of the answers. I wanted to go into as much detail to avoid any ambiguity over the scope of discovery. Hypothetically, if a lawyer wanted to know the full scope of a witness's potential testimony to have a better idea of deposing that person, I might say "Witness X did not witness the car accident can therefore not provide testimony as to the color of the traffic light but he can testify to the location of the cars that he observed immediately after he came upon the accident and can testify that each driver said they 'had the green light'" A more circuitous answer by another lawyer might leave this open to interpretation ("witness X will testify as to his observations of the car accident January 1, 2007, including his conversations with the drivers"). The later approach would purposefully cause the other side to waste its time.

Further, I would never have brought this issue up had you husband not brought it up -- I was just trying to save all of us time and money. Your implications to the contrary are unwarranted and offensive - you have twisted my words for no apparent reason. Accordingly, don't lecture me on ethics or the law or imply that I am doing something improper -- you don't know me and you clearly don't know my reputation. A good rule of thumb it to know the lawyer before for you accuse him or her of ethical lapses or misconduct. To recap, I did not imply that I would provide less than complete answers, if anything I want to go into specific detail to layout what my clients know and don't know.

7/29/2008

EXHIBIT
**D**

I'll put my feelings aside and try to start on ground zero -- but as things stand right now - and if your unsupported accusations do not go away, I'm afraid I'm not going to enjoy working with you on this case. An apology from you would go along way to improving our relationship as I don't want to approach this case in such a manner that I review every word in painstaking detail to avoid you throwing it back in my face.

-James

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]

"Kathryn Ciesla" <kciesla@cclegal.net>

To "James Vlahakis'" <jvlahakis@hinshawlaw.com> ·

cc

Subject Please see the Attached

07/25/2008 03:15 PM

Please respond to
<kciesla@cclegal.net>

Please see the attached.

**KATHRYN L. CIESLA**

**CIESLA & CIESLA, P.C.**

ATTORNEYS AT LAW
836 Skokie Boulevard, Northbrook, IL 60062
T. 847.412.1988 • F. 847.418.3217

www.cieslaciesla.com

\*\*\*\*\*

IMPORTANT: This message is intended only for the use of the individual or entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return e-mail and delete the original message. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by Ciesla & Ciesla, P.C. for any loss or damage arising in any way from its use. Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding

7/29/2008

tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)  Thank you.

[attachment "DOC_20080725142041.PDF" deleted by James Vlahakis/HC01] [attachment "DOC_20080725143601.PDF" deleted by James Vlahakis/HC01] [attachment "DOC_20080725151223.PDF" deleted by James Vlahakis/HC01]

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.138 / Virus Database: 270.5.6/1572 - Release Date: 7/25/2008 6:51 AM

7/29/2008

# CIESLA & CIESLA, P.C.

ATTORNEYS AT LAW

836 Skokie Boulevard, Northbrook, IL 60062

T. 847.412.1988 ♦ F. 847.418.3217

www.cieslaciesla.com

August 14, 2008

James C. Vlahakis, Esq.
Hinshaw & Culbertson, LLP
222 N. LaSalle Street, Ste. 300
Chicago, IL 60601
**VIA US AND ELECTRONIC MAIL:** jvlahakis@hinshawlaw.com

> **Re:**    *Nixon v. R. B. Gustafson Company, 08 CV 1391*

Dear Mr. Vlahakis:

As a follow up to your most recent conversations with my partner, Steve Cloh, I understand that we have agreed to hold off on depositions until the September 5th settlement conference.  That being said, it is necessary to address certain discovery issues at this time so that we can adequately prepare for the settlement conference on September 5th, and ultimately, should there be no accord reached at the settlement conference, reasonably accommodate our fast approaching discovery closure date of September 29, 2008.

Because we have had 'issues' with extensions in the past, please understand very clearly that we can not move forward with the settlement conference scheduled for September 5 without your client's second set of production – currently due by August 25th.  Therefore, we are not willing to grant your client more extensions.  Further, we would like your client to address the items listed below regarding it's document production responses and interrogatory answers delivered on July 30, 2008, prior to the aforementioned settlement conference:

a.   Please supplement all document production and interrogatory answers pursuant to FRCP 26(e).

b.   Regarding item "11" of the production request seeking "All documents reviewed, relied upon and generated by any witness (lay or expert) Defendant intends to call at trial," Defendant's objection was improper as it is not a basis to object under applicable court rules.  Please respond to the request immediately.

c.   Regarding item "12" of the production request seeking "All shareholder resolutions and minutes (including any drafts of any resolutions and minutes) of the Defendant since 2005," Defendant objected on the basis that the request is irrelevant and not reasonably calculated to [lead] to the discovery of admissible evidence.  We disagree.  Mr. Nixon reported directly to the Board of Directors, Board of Director action was required in order to terminate his employment with or without cause, hire a new Chief Executive Officer, and we presume a whole host of other items regarding the issues presented in Mr. Nixon's Complaint.  Therefore, we seek the defendant's compliance immediately.

**EXHIBIT**

**E**

ALLSTATE LEGAL®

CIESLA & CIESLA, P.C.

James Vlahakis
August 14, 2008
Page 2 of 3

d.      Regarding item "13" of the production request seeking "The Bylaws and Articles of Incorporation or charter of the Defendant and any amendments thereto," Defendant object on the basis that the request is irrelevant and not reasonably calculated to [lead] to the discovery of admissible evidence. We disagree. Mr. Nixon reported directly to the Board of Directors and Board Action is governed by the Bylaws, Articles of Incorporation, Charter and/or amendments thereto. Therefore, we are asking that the Defendant comply with this request immediately.

e.      Regarding Interrogatory "3" seeking the identification of lay witnesses who will testify at trial and the subject of their testimony, Defendant's objection that the request is premature is not a proper basis to object. Therefore, we seek your answer immediately.

f.      Regarding Interrogatory "4" seeking the identification of expert witnesses who will testify at trial and the subject of their testimony, Defendant's objection that the request is premature is not a proper basis to object. Therefore, we seek Defendant's answer immediately.

The other discovery issues we have relate to depositions. Because we seek to depose several witnesses, and our remaining time for discovery is limited, we seek to confirm some deposition dates and times should we need to proceed with depositions in advance of trial. May I suggest the following dates and times for those witnesses we seek to depose at our offices:

*David Kaufman*      *9:00 a.m.*      *September 8, 2008*
*(I am attaching a Notice of Deposition for David Kaufman. Please let me know if you will produce Mr. Kaufman as Noticed, or if we must issue a Subpoena to compel is appearance for his deposition.)*

*Marcy Lasko*      *9:00 a.m.*      *September 10, 2008*

*Heather Smith*      *1:00 p.m.*      *September 10, 2008*
*NOTE:* We expect that Ms. Lasko's deposition will take the entire morning. However, we would be willing to be flexible with the start time of Ms. Smith's deposition and begin her deposition early should Ms. Lasko's deposition take less time than expected.

*Kirk Sobecki*      *9:00 a.m.*      *September 11, 2008*

*Dan Howell*      *1:00 p.m.*      *September 11, 2008*

*Jack Milner*      *9:00 a.m.*      *September 12, 2008*

*Larry Kazanowski*      *10:30 a.m.*      *September 12, 2008*

*Josh Daitch*      *9:00 a.m.*      *September 15, 2008*

CIESLA & CIESLA, P.C.

Please do not hesitate to contact me if you have any questions.  I look forward to your clients responses.

Sincerely,

Kathryn L. Ciesla
Attorney at Law

encl.

cc:    Jeffrey Nixon

## Kathryn Ciesla

**From:** James Vlahakis [jvlahakis@hinshawlaw.com]
**Sent:** Thursday, August 21, 2008 11:37 AM
**To:** Kathryn Ciesla
**Subject:** Re: Please see the attached.


Hello:

I've just resumed near full time work after the birth of my second son last week. I'm responding to your various deposition dates (assuming we don't settle).

-David Kaufman is unavailable to be deposed on September 8th. As a professional courtesy, he has asked me to tell you that he is free to be deposed on September 11th or 12th. However, there is two key points that you should consider. One, anything Mr. Kaufman said to members of RBG and the Board will likely be privileged. Two, Mr. Kaufman's discussions with your husband are confidential pursuant to FRE 408.

-Marcy Lasko cannot attend the deposition in Northbrook given the fact she is taking care of her husband who suffers from terminal cancer. Suffice it to say she cannot find the time to travel to Northbrook or Chicago for a deposition. That said, she could attend a deposition via telephone at a time convenient for her.

-Larry Kazanowski is no longer a member of the board and we cannot therefore accept a notice of his deposition. Also, he lives in Michigan at the address we provided to you. For these reasons, he has informed me that he cannot attend an in-person deposition. Let know if you want to do this by phone and I will see if the date you have proposed works for him.

-Jack Milner has resigned from the board and will require a subpoena. Also, he lives in St. Louis Missouri. That said, he's willing to be deposed via telephone or videoconference at a mutually agreeable time.

-Josh Daitch is not free on 15th. However, he is free on the 16th and the 17th. Please reconfirm one of these dates as he can't hold open the 16th and 17th for too long.

I will respond to your recent discovery related letter later today or tomorrow.

-James

---

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]

EXHIBIT
**F**

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

8/22/2008

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.138 / Virus Database: 270.6.6/1625 - Release Date: 8/21/2008 6:04 AM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY NIXON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 1391 |
| v. | ) | |
| | ) | Judge Der-Yeghiayan |
| R.B. GUSTAFSON COMPANY, | ) | |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

**INTERROGATORIES PURSUANT TO RULE 33**

To:      James C. Vlahakis
              Hinshaw & Culbertson LLP
              222 N. LaSalle Street, Suite 300
              Chicago, Illinois 60601

    Plaintiff, Jeffrey Nixon, by his attorneys, Ciesla & Ciesla, P.C., pursuant to Rule 33 of the Federal Rules of Civil Procedure, serves the interrogatories set forth below on defendant, R. B Gustafson Company, to be answered fully in writing under oath within 30 days of service.

**Definitions and Instructions**

    A.    "Plaintiff" means or refers to Jeffrey Nixon, his agents, attorneys or anyone else acting or purporting to act on his behalf.

    B.    "Defendant" means or refers to R. B. Gustafson, its divisions, subsidiaries, related companies or corporations, parent companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all other persons acting or purporting to act on behalf of any of them.

    C.    "Communications" shall mean or refer to all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, voice messages, electronic mail, letters, notes, telegrams, advertisements, or other forms of information exchange, whether oral, written or electronic.

    D.    "Documents" shall mean or refer to all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, and all electronically stored information and tangible things within the scope of Rule 34(a) of the Federal Rules of Civil Procedure, specifically including but not limited to writings, drawings, graphs, charts, photographs, sounds recordings, images, data compilations (stored in any medium from which information can be obtained and translated, if necessary, into reasonably usable form), letters, correspondence,

1



EXHIBIT
G
ALL-STATE LEGAL®

memoranda, minutes, notes, contracts, agreements, memoranda of conversations, microfilm, desk calendars, periodicals, bulletins, circulars, notices, rules, regulations, prospectives, directions, teletype messages, interoffice and intraoffice communications, reports, company worksheets, credit files, evidences of indebtedness, negotiable instruments, or material similar to any of the foregoing, however denominated, that is in the possession, custody, or control of the party on whom this request is served, or to which the party can obtain access.

E.      "Identify," when used with respect to a communication, means to state the name and present address of each person present at the communication and to state the subject matter of the communication. If the communication was in writing, identify all documents that relate to the communication in the manner provided above.

F.      "Identify," when used with respect to an individual, means to state the person's full name, present business affiliation and position, if known, present home address, and past position and business affiliation, if any, with any of the parties herein.

G.      "Identify," when used with respect to a company or other business entity, means to state the company's legal name and the names under which it does business, to specify its form (partnership, corporation, etc.), and to identify its principal proprietors, officers, or directors.

H.      "Identify," when used with respect to a document, means to state the date, author, addressee, and type of document (e.g., letter) and to identify its last known custodian and location. In lieu of identifying any document, you may make the document or documents available for inspection and copying pursuant to Rule 33(d) of the Federal Rules of Civil Procedure by so stating in your answer.

I.      "Person" means or refers to any individual, corporation, partnership, association, organization, and any other entity of all types and natures.

J.      "Relate to," including its various forms such as "relating to," shall mean consist of, refer to, reflect, or be in any way logically or factually connected with the matter discussed.

K.      Whenever appropriate, the singular form of a word should be interpreted in plural. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any information that might otherwise be construed to be outside the scope.

L.      The period of time encompassed by these requests shall be from January 1, 2004, to the date of production hereunder, unless otherwise indicated.

M.      With respect to the production of any documents that are claimed to be privileged, a statement or log shall be provided by the attorneys for the Defendant setting forth as to each document:

1.   the type of document (i.e., correspondence, memoranda, etc.);

2.   the name of the sender, if any, of the documents;

3.   the name of the author of the document;

4.   the names of the persons, if any, to whom copies were sent;

5.   the date of the document;

6.   the date on which the document was received by those having possession of the document;

7.   a brief description of the nature and the subject matter of the document; and

8.   the basis of the claim of privilege (i.e., attorney-client, work product, etc.).

## Interrogatories

1.      State the name and address of each person answering or assisting in answering these interrogatories, and for each such person, state his or her relationship to Defendant.

ANSWER:

2.      State the name and address of each person who has, claims to have or who Defendant believes may have knowledge or information pertaining to any fact alleged in Plaintiff's Complaint or Defendant's Answer or any fact underlying the subject matter of this lawsuit and for each such person state the specific nature and substance of the knowledge that Defendant believes each such person has.

ANSWER:

3.      Provide the name and address of each lay witness who will testify at trial and state the subject of each witness' testimony, and for those lay witnesses expected to offer lay opinion testimony, state the subject matter on which the lay opinion witness is expected to testify.

ANSWER:

4.    Provide the name and address of each independent expert witness who will offer any testimony and for each such witness provide all the information required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

ANSWER:

5.    Identify the number of directors required pursuant to the Bylaws or Articles of Incorporation or charter of the Defendant, the number of directors sitting on the Board of Directors in 2007 and 2008 and the name and address of every board member sitting on the Board of Directors in 2007 and 2008.

ANSWER:

6.    Identify the shareholders of the Defendant and their respective ownership percentages as of January 1, 2008 and February 1, 2008.

ANSWER:

7.    Provide the date, time and manner of Plaintiff's alleged resignation of employment with Defendant and identify any witnesses to the alleged resignation.

ANSWER:

8.    Provide the reasons why Plaintiff is not entitled to the severance payment and benefits provided for in section 6(d)(i) of the Senior Management Agreement between the Plaintiff and Defendant dated January 26, 2005.

ANSWER:

4

9.      Describe all transactions, including dates, times, places, persons present whereby Plaintiff acquired shares of Gustafson Holdings Corp., the price paid by Defendant for repurchase or recapture, the date(s) such stock was repurchased or recaptured by Defendant, the persons causing the repurchase or recapture of such stock and the method of valuing the stock for the repurchase or recapture.

ANSWER:

10.      Describe in detail the manner, form and reasons for the entries on Defendant's profit and loss statements, balance sheets, sources and application of funds, shareholders' equity statements and accountant working papers regarding (i) any sales of stock to Plaintiff, (including any loan in support of any stock sale) and (ii) any repurchase or recapture of such stock by Defendant.

ANSWER:

JEFFREY NIXON

By:_____

Ciesla & Ciesla, P.C.

E. Michael Ciesla
Ciesla & Ciesla, P.C.
836 Skokie Blvd.
Northbrook, Illinois 60062
(847) 412-1988

5

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2008 I served a copy of the above document upon counsel for the defendant via e-mail and by depositing the same in the United States Mail, postage prepaid.

E. Michael Ciesla

E. Michael Ciesla
Ciesla & Ciesla, P.C.
836 Skokie Blvd.
Northbrook, Illinois 60062
(847) 412-1988

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY NIXON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 1391 |
| v. | ) | |
| | ) | Judge Der-Yeghiayan |
| R.B. GUSTAFSON COMPANY, | ) | |
| | ) | Magistrate Judge Ashman |
| Defendant. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT PURSUANT TO RULE 34

To:      James C. Vlahakis
            Hinshaw & Culbertson LLP
            222 N. LaSalle Street, Suite 300
            Chicago, Illinois 60601

Jeffrey Nixon, Plaintiff herein, by his attorneys, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests R. B. Gustafson, Defendant in this action, to produce the documents and electronically stored information described below at the offices of Plaintiff's counsel, Ciesla & Ciesla, P.C., 836 Skokie Blvd., Northbrook, Illinois, within 30 days of service.

### Definitions and Instructions

A.      The documents requested herein shall be produced in such a manner as shall enable Plaintiff to determine which particular documents are being produced by defendant in response to particular enumerated request (including the numbered subparagraphs set forth therein); accordingly, Plaintiff requests Defendant to segregate or identify the documents in relation to the number and/or letter of the alphabet of the request to which particular documents are produced.

B.      "Plaintiff" means or refers to Jeffrey Nixon, his agents, attorneys or anyone else acting or purporting to act on his behalf.

C.      "Defendant" means or refers to R. B. Gustafson, its divisions, subsidiaries, related companies or corporations, parent companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all other persons acting or purporting to act on behalf of any of them.

1



ALL-STATE LEGAL®

EXHIBIT

H

D.    "Communications" shall mean or refer to all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, voice messages, electronic mail, letters, notes, telegrams, advertisements, or other forms of information exchange, whether oral, written or electronic.

E.    "Documents" shall mean or refer to all written or graphic matter of every kind or description, however produced or reproduced, whether draft or final, original or reproduction, and all electronically stored information and tangible things within the scope of Rule 34(a) of the Federal Rules of Civil Procedure, specifically including but not limited to writings, drawings, graphs, charts, photographs, sounds recordings, images, data compilations (stored in any medium from which information can be obtained and translated, if necessary, into reasonably usable form), letters, correspondence, memoranda, minutes, notes, contracts, agreements, memoranda of conversations, microfilm, desk calendars, periodicals, bulletins, circulars, notices, rules, regulations, prospectives, directions, teletype messages, interoffice and intraoffice communications, reports, company worksheets, credit files, evidences of indebtedness, negotiable instruments, or material similar to any of the foregoing, however denominated, that is in the possession, custody, or control of the party on whom this request is served, or to which the party can obtain access.

F.    "Identify," when used with respect to a communication, means to state the name and present address of each person present at the communication and to state the subject matter of the communication. If the communication was in writing, identify all documents that relate to the communication in the manner provided above.

G.    "Identify," when used with respect to an individual, means to state the person's full name, present business affiliation and position, if known, present home address, and past position and business affiliation, if any, with any of the parties herein.

H.    "Identify," when used with respect to a company or other business entity, means to state the company's legal name and the names under which it does business, to specify its form (partnership, corporation, etc.), and to identify its principal proprietors, officers, or directors.

I.    "Identify," when used with respect to a document, means to state the date, author, addressee, and type of document (e.g., letter) and to identify its last known custodian and location. In lieu of identifying any document, you may make the document or documents available for inspection and copying pursuant to Rule 33(d) of the Federal Rules of Civil Procedure by so stating in your answer.

J.    "Person" means or refers to any individual, corporation, partnership, association, organization, and any other entity of all types and natures.

K.    "Relate to," including its various forms such as "relating to," shall mean consist of, refer to, reflect, or be in any way logically or factually connected with the matter discussed.

L.    Whenever appropriate, the singular form of a word should be interpreted in plural. "And" as well as "or" shall be construed either disjunctively or conjunctively as

2

necessary to bring within the scope of this request any information that might otherwise be construed to be outside the scope.

       M.     The period of time encompassed by these requests shall be from January 1, 2004, to the date of production hereunder, unless otherwise indicated.

       N.     With respect to the production of any documents that are claimed to be privileged, a statement or log shall be provided by the attorneys for the Defendant setting forth as to each document:

1.   the type of document (i.e., correspondence, memoranda, etc.);

2.   the name of the sender, if any, of the documents;

3.   the name of the author of the document;

4.   the names of the persons, if any, to whom copies were sent;

5.   the date of the document;

6.   the date on which the document was received by those having possession of the document;

7.   a brief description of the nature and the subject matter of the document; and

8.   the basis of the claim of privilege (i.e. attorney-client, work product, etc.).

## DOCUMENTS

1.     Any and all agreements and contracts (and any amendments, riders addenda or other modifications thereto) between Plaintiff and Defendant.

2.     All drafts of any of the documents identified in Request #1 above and all documents relating to the negotiations thereof or any other negotiations relating to Plaintiff's employment or termination of Plaintiff's employment with Defendant.

3.     All correspondence, e-mails, memoranda, notes or other documents constituting, reflecting or relating to any communications with respect to Plaintiff's employment or termination of Plaintiff's employment with Defendant between any persons or entities.

4.     All written, oral, typed or recorded data or communications (whether verbatim or in summarized fashion) of any conversations, statements or interviews of any employee, officer, director, agent or affiliate of the Defendant in any way connected with or referring to the events alleged in the Plaintiff's Complaint and Defendant's Answer (including without limitation, the termination of Plaintiff's employment with Defendant) and the persons, equipment, material or procedures involved.

5.     The statement of any witness or other person, whether signed or unsigned, verbatim or narrative, written or oral, in any way connected with or referring to the

events alleged in the Plaintiff's Complaint and Defendant's Answer and the persons, equipment, material or procedures involved.

6.      All insurance agreements, including but not limited to declaration sheets and policies, under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

7.      All health, life and disability policies covering Plaintiff and his family during his period of employment with Defendant.

8.      All payroll records related to Plaintiff.

9.      All documents identified in or relating to Defendant's Answers to Interrogatories propounded by Defendant and all documents identified in Defendant's Rule 26 disclosures.

10.     All drafts and executed documents regarding the negotiation of any severance agreement between the Plaintiff and Defendant.

11.     All documents reviewed, relied upon and generated by any witness (lay or expert) Defendant intends to call at trial.

12.     All shareholder and director resolutions and minutes (including all drafts of any resolutions and minutes) of the Defendant since 2005.

13.     The Bylaws and Articles of Incorporation or charter of the Defendant and any amendments thereto.

14.     All documents regarding the termination of Plaintiff's employment with Defendant.

15.     All notices of resignation by the Plaintiff.

16.     The entire contents of Plaintiff's personnel file.

17.     Any press releases or statements regarding Plaintiff's termination of employment with Defendant.

18.     All activity and/or surveillance reports of Defendant from December, 2007 and January, 2008.

19.     All documents and communications related to the repurchase, reversion or other taking of any of Plaintiff's stock or other ownership interests in Gustafson Holdings Corp. by Defendant.

20.     All executed stock powers and powers of attorney by Plaintiff.

4

21.    All financial statements and ledgers of Defendant showing entries for the sale of shares of stock to Plaintiff, all loans to Plaintiff and the recapture or repurchase of any stock of Plaintiff.

22.    All tax forms filed by Defendant containing information regarding the sale of any shares of stock to Plaintiff, loans to Plaintiff and the recapture or repurchase of any stock of Plaintiff.

23.    All documents containing stock sale, stock purchase, stock option and warrant agreements and/or loans between Defendant and any employee, officer, director or shareholder of Defendant.

24.    All communications relating to any stock sale, stock purchase, stock option and warrant agreements and/or loans between Defendant and any employee, officer, director or shareholder of Defendant.

25.    All books, records, appraisals and valuations containing any valuation of the stock of Defendant.

26.    All valuations and appraisals of the Defendant.

27.    All stock transfer records and stock ledgers showing all stock transactions of the Defendant's stock.

28.    All shareholder agreements of the Defendant.

29.    All shareholder equity statements.

30.    All state and federal registration statements, prospectuses, private placement memorandums, securities registration exemption statements, federal and state securities filings and legal opinions regarding securities of the Defendant.

31.    All other documents related to the allegations in Plaintiff's Complaint and Defendant's Answer.

JEFFREY NIXON

By:_____

Ciesla & Ciesla, P.C.

E. Michael Ciesla
Ciesla & Ciesla, P.C.
836 Skokie Blvd.
Northbrook, Illinois 60062
(847) 412-1988

5

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2008 I served a copy of the above document upon counsel for the defendant via e-mail and by depositing the same in the United States Mail, postage prepaid.

E. Michael Ciesla

E. Michael Ciesla
Ciesla & Ciesla, P.C.
836 Skokie Blvd.
Northbrook, Illinois 60062
(847) 412-1988

6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEFFREY NIXON,                          )
                                        )
                Plaintiff,              )
v.                                      )        No. 08 CV 1391
                                        )
R.B. GUSTAFSON COMPANY, an Indiana      )        Magistrate Judge Ashman
corporation,                            )
                                        )
                Defendant.              )

### DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant, R.B. GUSTAFSON COMPANY, by and through its undersigned counsel, for

its Answers to Plaintiff's Interrogatories, states as follows:

1.    State the name and address of each person answering or assisting in answering

these interrogatories, and for each such person, state his or her relationship to Defendant.

**ANSWER:**    Kirk Sobecki, Acting CEO of Defendant. Mr. Sobecki can be contacted

through his undersigned counsel.

2.    State the name and address of each person who has, claims to have or who

Defendant believes may have knowledge or information pertaining to any fact alleged in

Plaintiffs Complaint or Defendant's Answer or any fact underlying the subject matter of this

lawsuit and for each such person state the specific nature and substance of the knowledge that

Defendant believes each such person has.

**ANSWER:**    Defendant hereby adopts the witnesses and topics identified in its Rule

26(a)(1) a disclosures and further identifies the following witnesses and

topics: Kirk Sobecki, Joshua Daitch and Dan Howell have knowledge

and/or information pertaining to Plaintiffs Complaint and Defendant's



6343959v2 887376

Answer, and in particular - Plaintiff's performance as CEO of Defendant and his shortcoming in this role; events leading up to Plaintiff's resignation, including, why Plaintiff was asked to resign, verbal and written communications leading up to the January 4, 2008, meeting where Plaintiff resigned; the meeting on January 4, 2008, at which time Plaintiff resigned; information conveyed to Defendant's employees regarding Plaintiff's resignation; certain written communications between them and Plaintiff which are identified herein pursuant to FRCP 33(d); second-hand information regarding subsequent communications between Plaintiff and employees of Defendant (Heather Smith, Brian Gamble, Jeff Gaugler and Brent Lehman; second-hand information regarding subsequent communications between Plaintiff's counsel, Michael Ciesla, and Defendant regarding Plaintiff's contention that he was terminated; and Plaintiff's failure to return to work after he repudiated his resignation. Heather Smith may have incidental knowledge and/or information pertaining to Plaintiffs Complaint and Defendant's Answer, and in particular – her observations of Plaintiff's performance as CEO of Defendant; second hand knowledge and/or information regarding the events leading up to Plaintiff's resignation, including the January 4, 2008, meeting; information convened to Defendant's employees regarding Plaintiff's resignation; her interactions and observations with Plaintiff on January 5, 2008, at the headquarters of Defendant and while she drove with him shortly thereafter; and incidental e-mail communications with

2

Plaintiff regarding the tender of the Plaintiff's last check and related benefits. Brian Gamble, Jeff Gaugler and Brent Lehman may have incidental knowledge and/or information pertaining to Plaintiffs Complaint and Defendant's Answer, and in particular - Plaintiff's performance as CEO of Defendant; second hand knowledge and/or information regarding the January 4, 2008, meeting; first hand knowledge convened to them regarding Plaintiff's resignation; and first hand communications regarding short conversations that they had with Plaintiff shortly after they learned that he resigned wherein they mutually exchanged of pleasantries and did not discuss the particulars of Plaintiff's resignation and were not told by Plaintiff that he was terminated. In addition, all of the above witnesses will testify that Plaintiff did not personally suggest to them in any conversation or communication that he believed that he had been terminated. David Kaufman has certain non-privileged knowledge and/or information pertaining to certain facts alleged in Plaintiffs Complaint and Defendant's Answer, and in particular - first and second-hand knowledge regarding Plaintiff's performance as CEO of Defendant and his shortcoming in this role; events leading up to Plaintiff's resignation, including, why Plaintiff was asked to resign, verbal and written communications leading up to the January 4, 2008, meeting where Plaintiff resigned, the meeting on January 4, 2008, information convened to Defendant's employees regarding Plaintiff's resignation; first hand and second hand knowledge of events and communications

3

subsequent to Plaintiff's resignation which are identified herein pursuant to FRCP 33(d); certain verbal and communications between him and Plaintiff's counsel, Michael Ciesla, regarding Plaintiff's contention that he was terminated; and Plaintiff's failure to return to work after he repudiated his resignation.  Larry Kazanowski, Marcy Lasko and Jack Milner may have knowledge and/or information pertaining to certain facts alleged in Plaintiffs Complaint and Defendant's Answer, and in particular - Plaintiff's performance as CEO of Defendant and his shortcoming in this role; events leading up to Plaintiff's resignation, including, why Plaintiff was asked to resign, verbal and written communications leading up to the January 4, 2008, meeting where Plaintiff resigned, the meeting on January 4, 2008; and information convened to Defendant's employees regarding Plaintiff's resignation.  These individuals can be contacted through their undersigned counsel with the exception of Brent Lehman who can be contacted at (574)534-3798 and Larry Kazanowski who can be contacted at (248)681-8795.  Additionally, Defendant believes that Plaintiff will have knowledge and information related to the matters identified above, and in particular, the matters identified in relation to Plaintiff's own discovery answers and his failure to return to work after he repudiated his resignation.  Defendant also believes that Nicole Nixon may have information regarding Plaintiff's comments to her regarding the events of January 4, 2008 and his review of the Senior Management agreement in her presence.  Defendant believes that Michael Ciesla may have

4

knowledge and information related to the matters identified in Plaintiff's discovery answers and Plaintiff's failure to return to work after he repudiated his resignation. Investigation continues.

3.      Provide the name and address of each lay witness who will testify at trial and state the subject of each witness' testimony, and for those lay witnesses expected to offer lay opinion testimony, state the subject matter on which the lay opinion witness is expected to testify.

**ANSWER:**    Objection, this request is premature. Defendant will disclose its witness designations in accordance with the court approved deadlines in relation to the parties' pre-trial order. Subject to and without waiving this objection, see Answer to Interrogatory No. 3.

4.      Provide the name and address of each independent expert witness who will offer any testimony and for each such witness provide all the information required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.

**ANSWER:**    Objection, this request is premature. Defendant will disclose its expert in accordance with the court approved discovery schedule or otherwise in accordance with the deadlines set by FRCP 26.

5.      Identify the number of directors required pursuant to the Bylaws or Articles of Incorporation or charter of the Defendant, the number of directors sitting on the Board of Directors in 2007 and 2008 and the name and address of every board member sitting on the Board of Directors in 2007 and 2008.

**ANSWER:**    Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence. Additionally, this request is a multi-part interrogatory.    Subject   to   and   without   waiving   these   objections,

5

Defendants answers as follows: one; four; and the Board of Directors for the years 2007 and 2008 consisted of Joshua Daitch, Dan Howell, Jack Milner and Larry Kazanowski.    The identified individuals can be contacted through their undersigned counsel with the exception of Larry Kazanowski who can be contacted at (248)681-8795.

6.    Identify the shareholders of the Defendant and their respective ownership percentages as of January 1, 2008 and February 1, 2008.

**ANSWER:**    Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence.  Additionally, this request is a multi-part interrogatory.  Subject to and without waiving these objections, Defendant identifies following individuals and entities who were shareholders during the time period in question:  Andrew Gustafson; Brian Gamble; Kirk Sobecki; Jeff Nixon; Brandon Thompson; Brent Lehman; Marcy Lasko; Jeff Gaugler; Mesirow Capital Partners VIII L.P.; Tampsco 27 LLC; Foundation Partners Fund G.P.; and CS Equity LLC.

7.    Provide the date, time and manner of Plaintiff's alleged resignation of employment with Defendant and identify any witnesses to the alleged resignation.

**ANSWER:**    Objection, the term "manner" if undefined and is otherwise vague and confusing.  Further, this interrogatory better suited for a deposition and a narrative answer.  Subject to and without waiving these objections, Defendants states that Plaintiff resigned on the morning of January 4, 2008, and pursuant to FRCP 33(d), Defendant incorporates Joshua

6

Daitch's memorandum dated January 4, 2008 (NIX 000065-66) for its answer. Additionally, during this meeting, Plaintiff asked about whether Defendant would provide him with outplacement services and Mr. Daitch replied that it would provide him with references. Additionally, Plaintiff stated that he would return all company property clear out his office the following day.

8.    Provide the reasons why Plaintiff is not entitled to the severance payment and benefits provided for in section 6(d)(i) of the Senior Management Agreement between the Plaintiff and Defendant dated January 26, 2005.

**ANSWER:**    As reflected in Defendant's answer to Interrogatory no. 7, Plaintiff agreed to resign and was not terminated. Additionally, Plaintiff did not return to work after he repudiated his resignation which constituted "cause" under the terms of the Senior Management Agreement.

9.    Describe all transactions, including dates, times, places, persons present whereby Plaintiff acquired shares of Gustafson Holdings Corp., the price paid by Defendant for repurchase or recapture, the date(s) such stock was repurchased or recaptured by Defendant, the persons causing the repurchase or recapture of such stock and the method of valuing the stock for the repurchase or recapture.

**ANSWER:**    Objection, this request is irrelevant. This lawsuit is about whether Plaintiff resigned or was terminated and it is not about the propriety of any stock acquisition or repurchase. Further, Plaintiff's counsel has informed Defendant that his purchase of stock is irrelevant to this litigation and Plaintiff has refused to answer certain discovery related to company stock.

7

For these reasons, the requested discovery is not reasonably calculated to the discovery of admissible evidence.

10.    Describe in detail the manner, form and reasons for the entries on Defendant's profit and loss statements, balance sheets, sources and application of funds, shareholders' equity statements and accountant working papers regarding (i) any sales of stock to Plaintiff, (including any loan in support of any stock sale) and (ii) any repurchase or recapture of such stock by Defendant.

**ANSWER:**    Objection, this request is irrelevant.  This lawsuit is about whether Plaintiff resigned or was terminated and it is not about the propriety of any stock acquisition or repurchase.  Further, Plaintiff's counsel has informed Defendant that his purchase of stock is irrelevant to this litigation and Plaintiff has refused to answer certain discovery related to company stock. For these reasons, the requested discovery is not reasonably calculated to the discovery of admissible evidence.

8

**Verification/Declaration**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, that to the best of my knowledge, information and belief, that the responses in the above Interrogatory Answers are true and correct.

By: _____

Kirk Sobecki

6343959v2 887376

R.B. GUSTAFSON COMPANY, Defendant

By: _____
One of its Attorneys

James C. Vlahakis
Hinshaw & Culbertson LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60601
312-704-3000
jvlahakis@hinshawlaw.com

10

6343959v2 887376

**Certificate of Service**

I hereby certify that on July 30, 2008, I transmitted a copy of the above document to Plaintiff's counsel via e-mail delivery.

By: _____

James C. Vlahakis

6343959v2 887376

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY NIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 CV 1391 |
| | ) | |
| R.B. GUSTAFSON COMPANY, an Indiana corporation, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S**
**FIRST REQUEST FOR PRODUCTION**

Defendant, R.B. GUSTAFSON COMPANY, by and through its undersigned counsel, for its Responses to Plaintiff's First Request for Production, states as follows:

**General Objections**

Defendant objects to the use of the term "termination" as Plaintiff resigned on January 4, 2008. In answering the following requests which may utilize the term "termination" or permutations thereof, Defendant does not agree that Plaintiff was terminated on January 4, 2008.

1.    Any and all agreements and contracts (and any amendments, riders addenda or other modifications thereto) between Plaintiff and Defendant.

**RESPONSE:** See attached documents. NIX 000001-26. Investigation continues.

2.    All drafts of any of the documents identified in Request #1 above and all documents relating to the negotiations thereof or any other negotiations relating to Plaintiffs employment or termination of Plaintiffs employment with Defendant.

**RESPONSE:** See attached documents. NIX 000027-34. Investigation continues.



6343961v1 887376

3.    All correspondence, e-mails, memoranda, notes or other documents constituting, reflecting or relating to any communications with respect to Plaintiffs employment or termination of Plaintiffs employment with Defendant between any persons or entities.

    **RESPONSE:** Objection, this request is overly broad and without any time limit.  As phrased, this request could call for the production of every email transmitted to, by or about Plaintiff's employment and role as CEO. Subject to and without waiving these objections, see above and below identified documents.

4.    All written, oral, typed or recorded data or communications (whether verbatim or in summarized fashion) of any conversations, statements or interviews of any employee, officer, director, agent or affiliate of the Defendant in any way connected with or referring to the events alleged in the Plaintiff's Complaint and Defendant's Answer (including without limitation, the termination of Plaintiffs employment with Defendant) and the persons, equipment, material or procedures involved.

    **RESPONSE:** Objection, this request is overly broad and without any time limit.  As phrased, this request could call for the production of every email transmitted to, by or about Plaintiff's employment and role as CEO. Subject to and without waiving these objections, see attached documents. NIX 000035-68.

5.    The statement of any witness or other person, whether signed or unsigned, verbatim or narrative, written or oral, in any way connected with or referring to the events alleged in the Plaintiff's Complaint and Defendant's Answer and the persons, equipment, material or procedures involved.

2

**RESPONSE:** Objection, this request is overly broad and without any time limit. As phrased, this request could call for the production of every email transmitted to, by or about Plaintiff's employment and role as CEO. Subject to and without waiving these objections, see attached documents. NIX 000065-66.

6.    All insurance agreements, including but not limited to declaration sheets and policies, under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:** See attached policy.

7.    All health, life and disability policies covering Plaintiff and his family during his period of employment with Defendant.

**RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence. Subject to and without waiving these objections, see NIX 00073.

8.    All payroll records related to Plaintiff.

**RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence. Subject to and without waiving these objections, see NIX 000076, 000087, 000092-94, 000097, 000100-105

9.    All documents identified in or relating to Defendant's Answers to Interrogatories propounded by Defendant and all documents identified in Defendant's Rule 26 disclosures.

**RESPONSE:** See attached documents.

3

6343961v1 887376

10.    All drafts and executed documents regarding the negotiation of any severance agreement between the Plaintiff and Defendant.

**RESPONSE:** See attached documents.

11.    All documents reviewed, relied upon and generated by any witness (lay or expert) Defendant intends to call at trial.

**RESPONSE:** Objection, this request is premature.

12.    All shareholder and director resolutions and minutes (including any drafts of any resolutions and minutes) of the Defendant since 2005.

**RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence.

13.    The Bylaws and Articles of Incorporation or charter of the Defendant and any amendments thereto.

**RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence.

14.    All documents regarding the termination of Plaintiff's employment with Defendant.

**RESPONSE:** Objection, Plaintiff resigned.    Subject to and without waiving this objection, see attached documents.    NIX 000028-70, 000073-74. Investigation continues.

15.    All notices of resignation by the Plaintiff.

**RESPONSE:** Plaintiff did not sign a "notice of resignation."  Investigation continues regarding whether Plaintiff issued any notice of his resignation to third-parties.

4

16.    The entire contents of Plaintiffs personnel file.

**RESPONSE:** See attached documents.  NIX 000073-124.

17.    Any press releases or statements regarding Plaintiffs termination of employment with Defendant.

**RESPONSE:** See attached documents. NIX 000038-39, 000050, 00065-66.

18.    An activity and/or surveillance reports of Defendant from December, 2007 and January, 2008.

**RESPONSE:** Objection, the term "activity" report is vague.   Subject to and without waiving this objection, no responsive documents exist.

19.    All documents and communications related to the repurchase, reversion or other taking of any of Plaintiff's stock or other ownership interests in Gustafson Holdings Corp. by Defendant.

**RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence.

20.    All executed stock powers and powers of attorney by Plaintiff.

**RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence.

21.    All financial statements and ledgers of Defendant showing entries for the sale of shares of stock to Plaintiff: all loans to Plaintiff and the recapture or repurchase of any stock of Plaintiff.

**RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence.

6343961v1 887376

Case 1:08-cv-01391    Document 29-11    Filed 08/22/2008    Page 6 of 10

22.     All tax forms filed by Defendant containing information regarding the sale of any shares of stock to Plaintiff; loans to Plaintiff and the recapture or repurchase of any stock of Plaintiff.

> **RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence. This case is simply about whether Plaintiff resigned from his position or whether he was terminated.

23.     All documents containing stock sale, stock purchase, stock option and warrant agreements and/or loans between Defendant and any employee, officer, director or shareholder of Defendant.

> **RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence. This case is simply about whether Plaintiff resigned from his position or whether he was terminated. Further this request is burdensome and appears to be propounded simply to harass Defendant, its employees, officers, directors and shareholders.

24.     All communications relating to any stock sale, stock purchase, stock option and warrant agreements and/or loans between Defendant and any employee, officer, director or shareholder of Defendant.

> **RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence. This case is simply about whether Plaintiff resigned from his position or whether he was terminated. Further this request is burdensome and appears to be propounded simply to harass Defendant, its employees, officers, directors and shareholders.

6

25.    All books, records, appraisals and valuations containing any valuation of the stock of Defendant.

**RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence. This case is simply about whether Plaintiff resigned from his position or whether he was terminated. Further this request is burdensome and appears to be propounded simply to harass Defendant.

26.    All valuations and appraisals of the Defendant.

**RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence. This case is simply about whether Plaintiff resigned from his position or whether he was terminated. Further this request is burdensome and appears to be propounded simply to harass Defendant.

27.    All stock transfer records and stock ledgers showing all stock transactions of the Defendant's stock.

**RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence. This case is simply about whether Plaintiff resigned from his position or whether he was terminated. Further this request is burdensome and appears to be propounded simply to harass Defendant.

28.    All shareholder agreements of the Defendant.

**RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the discovery of admissible evidence. This case is simply about whether

6343961v1 887376

Plaintiff resigned from his position or whether he was terminated.  Further

this request is burdensome and appears to be propounded simply to harass

Defendant and it shareholders.

29.    All shareholder equity statements.

**RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the

discovery of admissible evidence.  This case is simply about whether

Plaintiff resigned from his position or whether he was terminated.  Further

this request is burdensome and appears to be propounded simply to harass

Defendant and it shareholders.

30.    All state and federal registration statements, prospectuses, private placement

memorandums, securities registration exemption statements, federal and state securities filings

and legal opinions regarding securities of the Defendant.

**RESPONSE:** Objection, this request is irrelevant and is not reasonably calculated to the

discovery of admissible evidence.  This case is simply about whether

Plaintiff resigned from his position or whether he was terminated.  Further

this request is burdensome and appears to be propounded simply to harass

Defendant and its officers.

31.    All other documents related to the allegations in Plaintiff's Complaint and

Defendant's Answer.

**RESPONSE:** See attached documents.

6343961v1 887376

R.B. GUSTAFSON COMPANY, an Indiana
corporation, Defendant

By: _____
        One of its Attorneys

James C. Vlahakis
Hinshaw & Culbertson LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60601
312-704-3000

9

6343961v1 887376

**Certificate of Service**

I hereby certify that on July 30, 2008, I transmitted a copy of the above document as well as document nos. NIX 000001 thru 000124 to Plaintiff's counsel via e-mail delivery.

By: _____
James C. Vlahakis

10

## Kathryn Ciesla

**From:**   Kathryn Ciesla
**Sent:**   Thursday, August 21, 2008 4:41 PM
**To:**     'James Vlahakis'
**Cc:**     Steve Cloh
**Subject:** RE: Please see the attached.

Mr. Vlahakis-

Two questions, as your most recent email is unclear:

    1.      Has your client conceded to waive its objections to the Interrogatories and Production Request items detailed in my letter of August 14, 2008 and respond as requested?

    2.      Is it your plan to complete the responses to the Second Production Request by August 25, 2008?

I await your reply.

Kathryn Ciesla

---

**From:** James Vlahakis [mailto:jvlahakis@hinshawlaw.com]
**Sent:** Thursday, August 21, 2008 11:37 AM
**To:** Kathryn Ciesla
**Subject:** Re: Please see the attached.

Hello:

I've just resumed near full time work after the birth of my second son last week. I'm responding to your various deposition dates (assuming we don't settle).

-David Kaufman is unavailable to be deposed on September 8th. As a professional courtesy, he has asked me to tell you that he is free to be deposed on September 11th or 12th. However, there is two key points that you should consider. One, anything Mr. Kaufman said to members of RBG and the Board will likely be privileged. Two, Mr. Kaufman's discussions with your husband are confidential pursuant to FRE 408.

-Marcy Lasko cannot attend the deposition in Northbrook given the fact she is taking care of her husband who suffers from terminal cancer. Suffice it to say she cannot find the time to travel to Northbrook or Chicago for a deposition. That said, she could attend a deposition via telephone at a time convenient for her.

-Larry Kazanowski is no longer a member of the board and we cannot therefore accept a notice of his deposition. Also, he lives in Michigan at the address we provided to you. For these reasons, he has informed me that he cannot attend an in-person deposition. Let know if you want to do this by phone and I will see if the date you have proposed works for him.

-Jack Milner has resigned from the board and will require a subpoena. Also, he lives in St. Louis Missouri. That said, he's willing to be deposed via telephone or videoconference at a mutually

8/22/2008

EXHIBIT
K
ALL-STATE LEGAL®

agreeable time.

-Josh Daitch is not free on 15th. However, he is free on the 16th and the 17th. Please reconfirm one of these dates as he can't hold open the 16th and 17th for too long.

I will respond to your recent discovery related letter later today or tomorrow.

-James

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.138 / Virus Database: 270.6.6/1625 - Release Date: 8/21/2008 6:04 AM

## Kathryn Ciesla

**From:** James Vlahakis [jvlahakis@hinshawlaw.com]
**Sent:** Thursday, August 21, 2008 4:52 PM
**To:** Kathryn Ciesla
**Cc:** Steve Cloh
**Subject:** RE: Please see the attached.


Kathryn:

I apologize if I was not clear.  No, we have not conceded to waive any objections.  Your letter did not state a specific response date and I am endeavoring to respond by tomorrow.  My response, however, will include some documents and specifically respond to your objections to my objections, placing the ball back in your court so to speak.

I intend to respond by the 25th, but given the time that I have devoted to helping my wife, I may need a few more days.  Let me know if you cannot agree and I will file a motion tomorrow.  Fret not, I will respond prior to the settlement conference but I really don't understand which of the requested documents are so essential to any arguments you may wish to advance to the court.  However, if there are certain requests that you think are that important, please identify them and I will endeavor to respond to them on the 25th.

Let me know ASAP about what you want to do with the depositions.  Thanks.


-James

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]


**"Kathryn Ciesla" <kciesla@cclegal.net>**

08/21/2008 04:41 PM

To "James Vlahakis" <jvlahakis@hinshawlaw.com>
cc "Steve Cloh" <scloh@cclegal.net>
Subject RE: Please see the attached.


Mr. Vlahakis-

Two questions, as your most recent email is unclear:

1.      Has your client conceded to waive its objections to the Interrogatories and Production Request items detailed in my letter of August 14, 2008 and respond as requested?
2.      Is it your plan to complete the responses to the Second Production Request by August 25, 2008?


**EXHIBIT**

**L**

ALLSTATE LEGAL®

I await your reply.

Kathryn Ciesla

---

**From:** James Vlahakis [mailto:jvlahakis@hinshawlaw.com]
**Sent:** Thursday, August 21, 2008 11:37 AM
**To:** Kathryn Ciesla
**Subject:** Re: Please see the attached.

Hello:

I've just resumed near full time work after the birth of my second son last week. I'm responding to your various deposition dates (assuming we don't settle).

-David Kaufman is unavailable to be deposed on September 8th. As a professional courtesy, he has asked me to tell you that he is free to be deposed on September 11th or 12th. However, there is two key points that you should consider. One, anything Mr. Kaufman said to members of RBG and the Board will likely be privileged. Two, Mr. Kaufman's discussions with your husband are confidential pursuant to FRE 408.

-Marcy Lasko cannot attend the deposition in Northbrook given the fact she is taking care of her husband who suffers from terminal cancer. Suffice it to say she cannot find the time to travel to Northbrook or Chicago for a deposition. That said, she could attend a deposition via telephone at a time convenient for her.

-Larry Kazanowski is no longer a member of the board and we cannot therefore accept a notice of his deposition. Also, he lives in Michigan at the address we provided to you. For these reasons, he has informed me that he cannot attend an in-person deposition. Let know if you want to do this by phone and I will see if the date you have proposed works for him.

-Jack Milner has resigned from the board and will require a subpoena. Also, he lives in St. Louis Missouri. That said, he's willing to be deposed via telephone or videoconference at a mutually agreeable time.

-Josh Daitch is not free on 15th. However, he is free on the 16th and the 17th. Please reconfirm one of these dates as he can't hold open the 16th and 17th for too long.

I will respond to your recent discovery related letter later today or tomorrow.

-James

---

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.138 / Virus Database: 270.6.6/1625 - Release Date: 8/21/2008 6:04 AM

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.138 / Virus Database: 270.6.6/1625 - Release Date: 8/21/2008 6:04 AM

8/22/2008