**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY NIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 CV 1391 |
| | ) | |
| R.B. GUSTAFSON COMPANY, an Indiana | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION TO COMPEL**

NOW COMES Defendant, R.B. GUSTAFSON COMPANY, by and through its undersigned counsel, and moves to Strike Plaintiff's Motion to Compel, and in support states as follows:

**I.      Introduction**

1.      Adherence to applicable court rules and civility no longer exists in this case. Plaintiff's counsel has filed a <u>pre-mature</u> motion to compel in an effort to harm Defendant's reputation and to besmirch the reputation of defense counsel.   The sharp discovery practices that are exhibited in Plaintiff's motion to compel should be condemned by this Court.

**II.      Plaintiff Has Failed to Comply With Local Rule 37.2**

2.      Local Rule 37.2 requires a party to certify, prior to filing any motion to compel, that they have engaged in a face-to-face or telephonic discussion with opposing counsel before brining a motion to compel:

> To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to

> engage in such consultation were unsuccessful due to no fault of counsel's.
> Where the consultation occurred, this statement shall recite, in addition,
> the date, time and place of such conference, and the names of all parties
> participating therein. Where counsel was unsuccessful in engaging in such
> consultation, the statement shall recite the efforts made by counsel to
> engage in consultation.

3.      Paragraph 4 of this Court's standing order also requires compliance with Local Rule 37.2:

> Motions to compel discovery pursuant to Federal Rule of Civil Procedure
> 37 will be denied unless an affidavit certifying compliance with Federal
> Rule of Civil Procedure 37(a)(2) is attached.

4.      For reasons that on Plaintiff's counsel can explain in open court, Plaintiff has failed to comply with Local Rule 37.2 and this Court's standing order.

**IV.      There Is No Merit to Plaintiff's Deposition Based Motion to Compel**

5.      In an apparent rejection of Plaintiff's obligations to engage honest practices and candor, Plaintiff has misstated the record of this case.

6.      First, Plaintiff claims that he suggested a new block of deposition dates after "it became apparent to Plaintiff's counsel that Defendant was not willing to schedule firm deposition dates." *See* Plaintiff's Motion, ¶ 4. There is absolutely no support in the record for this statement.

7.      Second, Plaintiff also suggests that he suggested a new block of deposition dates because he did certain discovery requests "were still outstanding." *Id*. Truth be told, the requests were not outstanding (or overdue) as Plaintiff's counsel had agreed to an extension. *See* Plaintiff's Motion to Compel, Exhibit C (Plaintiff's letter agreeing to allow Defendant until July 25th to answer discovery).

8.      Third, Plaintiff's motion to compel omits crucial communications from defense counsel – repeated offers to work out *agreed* dates and locations that worked with the various

2

witnesses.  *See* Exhibit A (e-mail dated 8/5/08, "[I] look forward to flexibility from you when we set firm dates for deps."); Exhibit B (e-mail dated 7/29/08, offering alternative dates for certain individuals); Exhibit C (e-mail dated 7/23/08, "Kathryn:  I haven't heard from you on these [deposition] dates and I can't keep my clients waiting in limbo."); Exhibit D (e-mail dated 7/18/08, "Hi Kathryn.  I did not hear back from you regarding the attached email [dated 7/23/08]. I'd like to firm up dates very soon consistent with what I've said below.")  Exhibit E (e-mail dated 7/11/08, offering alternative dates for certain individuals and suggesting change of local). These e-mails demonstrate defense counsel's repeated efforts to schedule depositions.  After agreeing on or about August 6, 2008, to postpone depositions until after the September 5, 2008, settlement conference, Plaintiff did not re-book depositions until a week later - August 14, 2008.

9.      Fourth, improperly Plaintiff criticizes defense counsel at paragraph 9 of his motion to compel for not responding to the new block of dates until 7 days later.  Plaintiff, however, *omits the fact that defense counsel had explained that he was out of the office after the birth of his second child on August 15, 2008*.  *See* attached Exhibit F.    This omission is shocking.

10.      Sixth, Plaintiff also criticizes defense counsel at paragraph 9 of his motion to compel for not "confirming" certain depositions but the motion fails to explain to this Court that defense counsel simply informed Plaintiff that a limited number of individuals unavailable were *at the times requested* and offered alternative dates where possible.  For example, defense counsel explained in an e-mail dated August 21, 2008, that Marcy Lasko was attending to her husband who had *terminal cancer* and suggested a telephonic deposition.  *See* attached Exhibit F (Defendant's e-mail dated 8/21/08, "Marcy Lasko cannot attend the deposition in Northbrook given the fact she is taking care of her husband who suffers from terminal cancer.  Suffice it to

3

say she cannot find the time to travel to Northbrook or Chicago for a deposition. That said, she could attend a deposition via telephone at a time convenient for her."). This omission is shocking.

11.    Defense counsel also explained in the e-mail dated August 21, 2008 that two individuals (Larry Kazanowski and Jack Milner) were no longer members of the board who lived in *other states* (Missouri and Michigan) and suggested that these individuals would be available via telephone (or video for one individual). *See* attached Exhibit F (Defendant's e-mail dated 8/21/08, "Jack Milner has resigned from the board and will require a subpoena. Also, he lives in St. Louis Missouri. That said, he's willing to be deposed via telephone or videoconference at a mutually agreeable time."). Again, these omissions are shocking.

12.    Plaintiff also ignores that defense counsel suggested alternative dates for the deposition of a Mr. Joshua Diatch in his August 21, 2008 e-mail. *See* attached Exhibit F (Defendant's e-mail dated 8/21/08, "Josh Daitch is not free on 15th. However, he is free on the 16th and the 17th. Please reconfirm one of these dates as he can't hold open the 16th and 17th for too long.").

13.    Plaintiff also ignores that defense counsel suggested alternative dates for the deposition of attorney David Kaufman. *See* attached Exhibit F (Defendant's e-mail dated 8/21/08, suggesting dates on September 11 or 12).

14.    Seventh, at no time has defense counsel suggested that the deposition of Kirk Sobecki and Heather Smith or Dan Howell *would not go forward* as set forth in the notice. Plaintiff's belief that these will not go (especially absent a specific request to "confirm" the dates) is without merit.

15.    Eighth, while Plaintiff appears to criticize defense counsel for not offering

4

alternative dates for certain individuals, it is another thing file a motion to compel and suggest that a party has *refused to present individuals for deposition*. Given the unavailability of certain witnesses and the amount of days and hours that were blocked off, *it was not unreasonable for defense counsel to assume that the parties would be able to reshuffle dates and/or conduct phone depositions*.

16.     In summary, never once did Plaintiff's counsel pick up a phone or request alternative dates, or express any concern over deposition scheduling after she learned on August 21, 2008. Rather, Plaintiff brought an premature, and inflammatory motion before this Court.   It is sharp practices like this that undermine the civility of the practice of law.

### V.     There Is No Merit to Plaintiff's Interrogatory and Document Based Motion to Compel

17.     Plaintiff e-mailed a discovery dispute letter of August 14, 2008. *See* Motion to Compel, Exhibit E.  Aside from failing to include a requested response date to the matters raised in the letter, Plaintiff failed to comply Local Rule 37.2, and this Court's standing order.

18.     Significantly, Plaintiff omits from his motion to compel the fact that defense counsel indicated that he was going to respond to Plaintiff's discovery dispute letter of August 14, 2008, on or before August 22, 2008. *See* attached Exhibit G.  Rather than wait for this letter, and *ignoring the fact that Defendant specifically stated that documents would be forthcoming*, Plaintiff fired off a motion to compel.

19.     The purpose of Local Rule 37.2 is to allow parties to explain their various positions as to discovery.  Discovery is not a take-it-or-leave-it approach.  Put another way, simply because Defendant was unwilling to concede every argument raised by Plaintiff, does not mean that Plaintiff has complied with Local Rule 37.2.  For what ever tactical reason(s), Plaintiff did not even allow Defendant to explain its objections on paper before filing this present motion.

### VI.    Plaintiff's Other Objectionable Tactics

20.    Plaintiff also misstates the record by claiming that "Defendant has not met a single deadline in this case."  *See* Motion to Compel, ¶ 19.  There is again no support for this assertion.  Plaintiff also attempts to criticize Defendant by claiming that its answer was prompted by a default motion.  Surprisingly, Plaintiff fails to attach any of the so-called "repeated requests" for an answer.  *See* Motion to Compel, ¶ 20.  Truth be told, after numerous attempts to resolve this dispute, Plaintiff's counsel provided defense counsel with an extension to answer that was missed by one date.  Plaintiff's apparent hair-trigger litigation approach came into play and a motion for default was filed (it was later withdrawn).

21.    In summary, Plaintiff's allegations serve no purpose for his present motion, and if anything, demonstrate his counsel's willingness to engage sharp tactics.  What's worse is that Plaintiff's counsel has engaged in these tactics knowing full well that defense counsel has only recently returned to his office after the birth of a child.  Is civility non-existent?  We hope not.

### VII.    Request for Legal Fees

22.    In light of the meritless nature of this litigation and the absence of an affidavit pursuant to Local Rule 37.2, Plaintiff should be required to Defendant's attorney's fees

WHEREFORE, Defendant asks that this Honorable Court Strike Plaintiff's improperly based motion to compel and asses legal fees against Plaintiff for the costs of filing this motion.

|  | R.B. GUSTAFSON COMPANY, Defendant |
|  | By: /s/ James C. Vlahakis |
| James C. Vlahakis<br>Hinshaw & Culbertson LLP<br>222 N. LaSalle Street, Suite 300<br>Chicago, IL  60601<br>312-704-3000<br>jvlahakis@hinshawlaw.com |  |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2008 I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

Respectfully Submitted,

/s/ James C. Vlahakis
James  C. Vlahakis
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601
 (312) 704-3715
jvlahakis@hinshawlaw.com
Attorney for Defendant

6354845v1  41653

# Exhibit A



**James Vlahakis /HC01**
08/05/2008 06:09 PM

To &lt;kciesla@cclegal.net&gt;

cc "Steve Cloh" &lt;scloh@cclegal.net&gt;

bcc

Subject Re: Depositions 📄

I'm more than happy to accommodate you and look forward to flexibility from you when we set firm dates for the deps.

I could switch Mrs. Nixon to 9 am on the 13th. What time for Mike on the 12th? I have another dep at 1 pm that day so it would have to be 9 am. That said, I'd prefer to move him to another day that's good for both of you.

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]
"Kathryn Ciesla" &lt;kciesla@cclegal.net&gt;



"Kathryn Ciesla "
&lt;kciesla@cclegal.net&gt;

08/05/2008 04:25 PM

Please respond to
&lt;kciesla@cclegal.net&gt;

To "'James Vlahakis'" &lt;jvlahakis@hinshawlaw.com&gt;

cc "Steve Cloh" &lt;scloh@cclegal.net&gt;

Subject Depositions

James-

I am wondering if you would be willing to take Michael Ciesla's deposition on August 12 and move Mrs. Nixon's dep to August 13?

Please let me know.

Kathryn

<div align="center">

**KATHRYN L. CIESLA**

## CIESLA & CIESLA, P.C.

**ATTORNEYS AT LAW**
836 Skokie Boulevard, Northbrook, IL 60062
T. 847.412.1988 • F. 847.418.3217

www.cieslaciesla.com

</div>

*****

IMPORTANT: This message is intended only for the use of the individual or entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by

return e-mail and delete the original message. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by Ciesla & Ciesla, P.C. for any loss or damage arising in any way from its use. Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)  Thank you.

# Exhibit B



| | | |
|---|---|---|
| **James Vlahakis /HC01**<br>07/29/2008 12:07 PM | To | "Kathryn Ciesla" <kciesla@cclegal.net> |
| | cc | |
| | bcc | |
| | Subject | depositions |

Kathryn:

I'd like to confirm the upcoming deps. of Mr. Nixon (August 6) and Mike (August 13). Also, I'm sending out a notice for Nicole Nixon. Let me know if she's available on the 12th. If not, what days work for her and you? Also, let me know if you'll accept a notice rather than a subpoena.

In an effort to assist you in coordinating dates for the deps you wish to take, please note the following:

August 27, 28 and 29 (is not workable for Mr. Howell's schedule; Mr. Daitch has said these days are currently open)

September 10 (is not good for Mr. Daitch or Mr. Howell), 11 and 12 (are not workable for Mr. Howell's schedule).

I am checking with Mr. Sobecki and others about the block dates you have proposed.


-James



dep notice 2.pdf

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]

# Exhibit C



**James Vlahakis /HC01**
07/23/2008 03:19 PM

To  "Kathryn Ciesla" <kciesla@cclegal.net>
cc  "Steve Cloh" <scloh@cclegal.net>
bcc
Subject  Fw: Nixon v. Gustafson

Kathryn:

I haven't heard from you on these dates and I can't keep my clients waiting in limbo. Also, I'd like to push back discovery by a week. Can you get back to me on both points? I don't want to file a motion to extend the date but I need to protect myself if I don't hear from you.

Thanks.

-James



James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]
----- Forwarded by James Vlahakis/HC01 on 07/23/2008 03:17 PM -----

**James Vlahakis /HC01**
07/22/2008 05:51 PM

To  "Kathryn Ciesla" <kciesla@cclegal.net>
cc
Subject  Fw: Nixon v. Gustafson

Kathryn.

I'd like to hear back from you sooner than later about these dates. I can't confirm these dates until I hear back from your with regard to the issues mentioned below.

Also, I'd like your aggreement to push back our response to the discovery by another week. A few things have come up with work and I've been sharing duties with my wife to take care of my 3.5 year old who's been under the weather.

-Let me know ASAP, thanks, much appreciated!

James

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]
----- Forwarded by James Vlahakis/HC01 on 07/22/2008 05:48 PM -----

 **James Vlahakis /HC01**



07/18/2008 11:54 AM

To   "Kathryn Ciesla" <kciesla@cclegal.net>

cc   "Steve Cloh" <scloh@cclegal.net>

Subject   Fw: Nixon v. Gustafson

Hi Kathryn.

FYI, I can't book anything on August 8th (something came up today).

-James

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]

----- Forwarded by James Vlahakis/HC01 on 07/18/2008 11:53 AM -----



James Vlahakis /HC01

07/18/2008 09:42 AM

To   "Kathryn Ciesla" <kciesla@cclegal.net>

cc   "Steve Cloh" <scloh@cclegal.net>

Subject   Fw: Nixon v. Gustafson

Hi Kathryn.

I did not hear back from you regarding the attached email. I'd like to firm up deps very soon consistent with what I've said below.

Thanks.
    James Vlahakis
    ----- Original Message -----

    **From:** James Vlahakis
    **Sent:** 07/11/2008 03:06 PM CDT
    **To:** <kciesla@cclegal.net>
    **Cc:** "Steve Cloh" <scloh@cclegal.net>
    **Subject:** Re: Nixon v. Gustafson

Hello Kathryn.

Thanks for the update.

As for Jeff's dep, the dates you have provided don't work well since I either won't have the discovery responses in hand or I'll have them the day of the dep. I'll need time to evaluate them. Could I make the following suggestion (which also relates to certain deps. that need to be rescheduled).

As I assume you are aware, your husband and I discussed that certain deps (of the employees with no involvement in the alleged termination) may not go forward (or could go via phone for a short dep.). We discussed that this would depend on Defendant's discovery responses. That said, here' are my

suggestions:

1.      If you want to answer discovery before me, I guess could take his dep on the 24th, but I'd need at least a few days to look at the discovery answers and see if they are complete, etc.  I could also try to answer discovery at the same time to be fair.

2.      If you don't want to do that, I would like to swap some dates -- Aug 4 does not work for Heather and Jeff Gaugler might be one of the persons you won't end up deposing.  I'd like to depose Jeff Nixon on the 4th.  Even if that date did work for Heather, I don't think its reasonable to have someone drive in all the way from Indiana for a 9 am dep, especially on a Monday morning.  More on that below.

3.      Alternatively, Jeff's dep on July 28th or August 6th (and kick the status that day).  If I did it on the 28th I'd need to get the discovery in a few days before the 25th.  See above.

4.      The 8th of August could also work.

Josh Daitch has something out of town on August 12th.  He's free on August 7th.  Does that work for you?  Maybe we can swap out Jack Miller and Larry Koznowski and have them go on the 11th?

Are you pretty firm on the dep locations?  I'd prefer downtown for at least some and I could agree to take Jeff's at your office as a trade off.  Let me know what you think.  FYI, I'm not too excited about having minor witnesses truck 6 hours (3 hours each way at least with traffic) for a short dep.

Thanks again,

-James

---

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]
"Kathryn Ciesla" <kciesla@cclegal.net>



| | |
|---|---|
| **"Kathryn Ciesla "**<br><kciesla@cclegal.net><br>07/11/2008 02:09 PM<br>┌─────────────────────┐<br>│ Please respond to │<br>│ <kciesla@cclegal.net> │<br>└─────────────────────┘ | **To** <jvlahakis@hinshawlaw.com><br>**cc** "Steve Cloh" <scloh@cclegal.net><br>**Subject** Nixon v. Gustafson |

James-

Please allow me to introduce myself, my name is Kathryn Ciesla, and my partner, Steve Cloh and I will be handling the Nixon case on this end from here on out.

I understand that we have some issues which need to be addressed relating to discovery –

        Extend time for Answers to Discovery – we agree to your request to more time and

suggest a firm completion date of July 25, 2008, for all outstanding requests.

Deposition Order – we are quite firm in our position regarding the order of depositions. If your client's employees have schedule conflicts please let us know so we can make accommodations on our end.

Location of Depositions – we intend to conduct the depositions at our Northbrook office as noticed.

Jeff's Deposition – Jeff is available for deposition on July 24th and 25th and so are we. Jeff is not available on July 29, 30 or August 5. If July 24th and 25th are unacceptable, please provide us with alternate dates and we will confirm our availability.

Steve and I look forward to meeting you in person.

I will be out of the office for the balance of the day, but feel free to contact Steve or call me on Monday.

Sincerely,

Kathryn Ciesla

**KATHRYN L. CIESLA**

CIESLA & CIESLA, P.C.

ATTORNEYS AT LAW
836 Skokie Boulevard, Northbrook, IL 60062
T. 847.412.1988 • F. 847.418.3217

www.cieslaciesla.com

*****

IMPORTANT: This message is intended only for the use of the individual or entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return e-mail and delete the original message. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by Ciesla & Ciesla, P.C. for any loss or damage arising in any way from its use. Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.) Thank you.

# Exhibit D



**James Vlahakis /HC01**
07/18/2008 09:42 AM

To  "Kathryn Ciesla" <kciesla@cclegal.net>

cc  "Steve Cloh" <scloh@cclegal.net>

bcc

Subject  Fw: Nixon v. Gustafson

Hi Kathryn.

I did not hear back from you regarding the attached email. I'd like to firm up deps very soon consistent with what I've said below.

Thanks.
    James Vlahakis
    ----- Original Message -----

    **From:** James Vlahakis
    **Sent:** 07/11/2008 03:06 PM CDT
    **To:** <kciesla@cclegal.net>
    **Cc:** "Steve Cloh" <scloh@cclegal.net>
    **Subject:** Re: Nixon v. Gustafson

Hello Kathryn.

Thanks for the update.

As for Jeff's dep, the dates you have provided don't work well since I either won't have the discovery responses in hand or I'll have them the day of the dep. I'll need time to evaluate them. Could I make the following suggestion (which also relates to certain deps. that need to be rescheduled).

As I assume you are aware, your husband and I discussed that certain deps (of the employees with no involvement in the alleged termination) may not go forward (or could go via phone for a short dep.). We discussed that this would depend on Defendant's discovery responses. That said, here' are my suggestions:

1.      If you want to answer discovery before me, I guess could take his dep on the 24th, but I'd need at least a few days to look at the discovery answers and see if they are complete, etc. I could also try to answer discovery at the same time to be fair.

2.      If you don't want to do that, I would like to swap some dates -- Aug 4 does not work for Heather and Jeff Gaugler might be one of the persons you won't end up deposing. I'd like to depose Jeff Nixon on the 4th. Even if that date did work for Heather, I don't think its reasonable to have someone drive in all the way from Indiana for a 9 am dep, especially on a Monday morning. More on that below.

3.      Alternatively, Jeff's dep on July 28th or August 6th (and kick the status that day). If I did it on the 28th I'd need to get the discovery in a few days before the 25th. See above.

4.      The 8th of August could also work.

Josh Daitch has something out of town on August 12th. He's free on August 7th. Does that work for you? Maybe we can swap out Jack Miller and Larry Koznowski and have them go on the 11th?


Are you pretty firm on the dep locations? I'd prefer downtown for at least some and I could agree to take Jeff's at your office as a trade off. Let me know what you think. FYI, I'm not too excited about having minor witnesses truck 6 hours (3 hours each way at least with traffic) for a short dep.

Thanks again,

-James

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]
"Kathryn Ciesla" <kciesla@cclegal.net>



| | | | |
|---|---|---|---|
| **"Kathryn Ciesla "**<br><kciesla@cclegal.net> | To | <jvlahakis@hinshawlaw.com> |
| 07/11/2008 02:09 PM | cc | "Steve Cloh" <scloh@cclegal.net> |
| Please respond to<br><kciesla@cclegal.net> | Subject | Nixon v. Gustafson |

James-

Please allow me to introduce myself, my name is Kathryn Ciesla, and my partner, Steve Cloh and I will be handling the Nixon case on this end from here on out.

I understand that we have some issues which need to be addressed relating to discovery –

    Extend time for Answers to Discovery – we agree to your request to more time and suggest a firm completion date of July 25, 2008, for all outstanding requests.

    Deposition Order – we are quite firm in our position regarding the order of depositions. If your client's employees have schedule conflicts please let us know so we can make accommodations on our end.

    Location of Depositions – we intend to conduct the depositions at our Northbrook office as noticed.

    Jeff's Deposition – Jeff is available for deposition on July 24th and 25th and so are we. Jeff is not available on July 29, 30 or August 5. If July 24th and 25th are unacceptable, please provide us with alternate dates and we will confirm our availability.

Steve and I look forward to meeting you in person.

I will be out of the office for the balance of the day, but feel free to contact Steve or call me on Monday.

Sincerely,

Kathryn Ciesla

**KATHRYN L. CIESLA**

## CIESLA & CIESLA, P.C.

**ATTORNEYS AT LAW**
836 Skokie Boulevard, Northbrook, IL 60062
T. 847.412.1988 • F. 847.418.3217

www.cieslaciesla.com

\*\*\*\*\*

IMPORTANT: This message is intended only for the use of the individual or entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return e-mail and delete the original message. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by Ciesla & Ciesla, P.C. for any loss or damage arising in any way from its use. Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.) Thank you.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY NIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08 CV 1391 |
| | ) | |
| R.B. GUSTAFSON COMPANY, an Indiana | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION TO COMPEL

NOW COMES Defendant, R.B. GUSTAFSON COMPANY, by and through its undersigned counsel, and moves to Strike Plaintiff's Motion to Compel, and in support states as follows:

### I.    Introduction

1.    Adherence to applicable court rules and civility no longer exists in this case. Plaintiff's counsel has filed a pre-mature motion to compel in an effort to harm Defendant's reputation and to besmirch the reputation of defense counsel. The sharp discovery practices that are exhibited in Plaintiff's motion to compel should be condemned by this Court.

### II.    Plaintiff Has Failed to Comply With Local Rule 37.2

2.    Local Rule 37.2 requires a party to certify, prior to filing any motion to compel, that they have engaged in a face-to-face or telephonic discussion with opposing counsel before brining a motion to compel:

> To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to

> engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

3.      Paragraph 4 of this Court's standing order also requires compliance with Local Rule 37.2:

> Motions to compel discovery pursuant to Federal Rule of Civil Procedure 37 will be denied unless an affidavit certifying compliance with Federal Rule of Civil Procedure 37(a)(2) is attached.

4.      For reasons that on Plaintiff's counsel can explain in open court, Plaintiff has failed to comply with Local Rule 37.2 and this Court's standing order.

## IV.      There Is No Merit to Plaintiff's Deposition Based Motion to Compel

5.      In an apparent rejection of Plaintiff's obligations to engage honest practices and candor, Plaintiff has misstated the record of this case.

6.      First, Plaintiff claims that he suggested a new block of deposition dates after "it became apparent to Plaintiff's counsel that Defendant was not willing to schedule firm deposition dates." *See* Plaintiff's Motion, ¶ 4. There is absolutely no support in the record for this statement.

7.      Second, Plaintiff also suggests that he suggested a new block of deposition dates because he did certain discovery requests "were still outstanding." *Id*. Truth be told, the requests were not outstanding (or overdue) as Plaintiff's counsel had agreed to an extension. *See* Plaintiff's Motion to Compel, Exhibit C (Plaintiff's letter agreeing to allow Defendant until July 25th to answer discovery).

8.      Third, Plaintiff's motion to compel omits crucial communications from defense counsel – repeated offers to work out *agreed* dates and locations that worked with the various

2

# Exhibit E



James Vlahakis /HC01          To   &lt;kciesla@cclegal.net&gt;

07/11/2008 03:06 PM           cc   "Steve Cloh" &lt;scloh@cclegal.net&gt;

                              bcc

                          Subject   Re: Nixon v. Gustafson

Hello Kathryn.

Thanks for the update.

As for Jeff's dep, the dates you have provided don't work well since I either won't have the discovery responses in hand or I'll have them the day of the dep. I'll need time to evaluate them. Could I make the following suggestion (which also relates to certain deps. that need to be rescheduled).

As I assume you are aware, your husband and I discussed that certain deps (of the employees with no involvement in the alleged termination) may not go forward (or could go via phone for a short dep.). We discussed that this would depend on Defendant's discovery responses. That said, here' are my suggestions:

1.      If you want to answer discovery before me, I guess could take his dep on the 24th, but I'd need at least a few days to look at the discovery answers and see if they are complete, etc. I could also try to answer discovery at the same time to be fair.

2.      If you don't want to do that, I would like to swap some dates -- Aug 4 does not work for Heather and Jeff Gaugler might be one of the persons you won't end up deposing. I'd like to depose Jeff Nixon on the 4th. Even if that date did work for Heather, I don't think its reasonable to have someone drive in all the way from Indiana for a 9 am dep, especially on a Monday morning. More on that below.

3.      Alternatively, Jeff's dep on July 28th or August 6th (and kick the status that day). If I did it on the 28th I'd need to get the discovery in a few days before the 25th. See above.

4.      The 8th of August could also work.

Josh Daitch has something out of town on August 12th. He's free on August 7th. Does that work for you? Maybe we can swap out Jack Miller and Larry Koznowski and have them go on the 11th?


Are you pretty firm on the dep locations? I'd prefer downtown for at least some and I could agree to take Jeff's at your office as a trade off. Let me know what you think. FYI, I'm not too excited about having minor witnesses truck 6 hours (3 hours each way at least with traffic) for a short dep.

Thanks again,

-James

_____

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]
"Kathryn Ciesla" &lt;kciesla@cclegal.net&gt;


      "Kathryn Ciesla "



| | <kciesla@cclegal.net> | To | <jvlahakis@hinshawlaw.com> |
|---|---|---|---|
| | 07/11/2008 02:09 PM | cc | "Steve Cloh" <scloh@cclegal.net> |
| | Please respond to <kciesla@cclegal.net> | Subject | Nixon v. Gustafson |

James-

Please allow me to introduce myself, my name is Kathryn Ciesla, and my partner, Steve Cloh and I will be handling the Nixon case on this end from here on out.

I understand that we have some issues which need to be addressed relating to discovery –

Extend time for Answers to Discovery – we agree to your request to more time and suggest a firm completion date of July 25, 2008, for all outstanding requests.

Deposition Order – we are quite firm in our position regarding the order of depositions. If your client's employees have schedule conflicts please let us know so we can make accommodations on our end.

Location of Depositions – we intend to conduct the depositions at our Northbrook office as noticed.

Jeff's Deposition – Jeff is available for deposition on July 24th and 25th, and so are we. Jeff is not available on July 29, 30 or August 5. If July 24th and 25th are unacceptable, please provide us with alternate dates and we will confirm our availability.

Steve and I look forward to meeting you in person.

I will be out of the office for the balance of the day, but feel free to contact Steve or call me on Monday.

Sincerely,

Kathryn Ciesla

<div align="center">

**KATHRYN L. CIESLA**

CIESLA & CIESLA, P.C.

**ATTORNEYS AT LAW**
836 Skokie Boulevard, Northbrook, IL 60062
T. 847.412.1988 • F. 847.418.3217

www.cieslaciesla.com

</div>

*****

IMPORTANT: This message is intended only for the use of the individual or entity to whom it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately by return e-mail and delete the original message. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free and no responsibility is accepted by Ciesla & Ciesla, P.C. for any loss or damage arising in any way from its use. Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. (The foregoing legend has been affixed pursuant to U.S. Treasury Regulations governing tax practice.)  Thank you.

# Exhibit F



James Vlahakis /HC01
08/21/2008 11:37 AM

To    <kciesla@cclegal.net>

cc

bcc   jdaitch@mesirowfinancial.com; "Kaufman, David J."
      <DJKaufman@duanemorris.com>; kirks@guslighting.com

Subject   Re: Please see the attached.

Hello:

I've just resumed near full time work after the birth of my second son last week.  I'm responding to your various deposition dates (assuming we don't settle).

-David Kaufman is unavailable to be deposed on September 8th.  As a professional courtesy, he has asked me to tell you that he is free to be deposed on September 11th or 12th.  However, there is two key points that you should consider.  One, anything Mr. Kaufman said to members of RBG and the Board will likely be privileged.  Two, Mr. Kaufman's discussions with your husband are confidential pursuant to FRE 408.

-Marcy Lasko cannot attend the deposition in Northbrook given the fact she is taking care of her husband who suffers from terminal cancer.  Suffice it to say she cannot find the time to travel to Northbrook or Chicago for a deposition.  That said, she could attend a deposition via telephone at a time convenient for her.

-Larry Kazanowski is no longer a member of the board and we cannot therefore accept a notice of his deposition.  Also, he lives in Michigan at the address we provided to you.  For these reasons, he has informed me that he cannot attend an in-person deposition.  Let know if you want to do this by phone and I will see if the date you have proposed works for him.

-Jack Milner has resigned from the board and will require a subpoena.  Also, he lives in St. Louis Missouri.  That said, he's willing to be deposed via telephone or videoconference at a mutually agreeable time.

-Josh Daitch is not free on 15th.  However, he is free on the 16th and the 17th.  Please reconfirm one of these dates as he can't hold open the 16th and 17th for too long.

I will respond to  your recent discovery related letter later today or tomorrow.

-James

---

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]

# Exhibit G



| | | |
|---|---|---|
| **James Vlahakis /HC01**<br>08/21/2008 04:51 PM | To | "Kathryn Ciesla" <kciesla@cclegal.net> |
| | cc | "Steve Cloh" <scloh@cclegal.net> |
| | bcc | |
| | Subject | RE: Please see the attached. |

Kathryn:

I apologize if I was not clear. No, we have not conceded to waive any objections. Your letter did not state a specific response date and I am endeavoring to respond by tomorrow. My response, however, will include some documents and specifically respond to your objections to my objections, placing the ball back in your court so to speak.

I intend to respond by the 25th, but given the time that I have devoted to helping my wife, I may need a few more days. Let me know if you cannot agree and I will file a motion tomorrow. Fret not, I will respond prior to the settlement conference but I really don't understand which of the requested documents are so essential to any arguments you may wish to advance to the court. However, if there are certain requests that you think are that important, please identify them and I will endeavor to respond to them on the 25th.

Let me know ASAP about what you want to do with the depositions. Thanks.

-James

---

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]
"Kathryn Ciesla" <kciesla@cclegal.net>



| | | |
|---|---|---|
| **"Kathryn Ciesla "**<br>**<kciesla@cclegal.net>**<br>08/21/2008 04:41 PM | To | "James Vlahakis" <jvlahakis@hinshawlaw.com> |
| | cc | "Steve Cloh" <scloh@cclegal.net> |
| | Subject | RE: Please see the attached. |

Mr. Vlahakis-

Two questions, as your most recent email is unclear:

    1.      Has your client conceded to waive its objections to the Interrogatories and Production Request items detailed in my letter of August 14, 2008 and respond as requested?
    2.      Is it your plan to complete the responses to the Second Production Request by August 25, 2008?

I await your reply.

Kathryn Ciesla

**From:** James Vlahakis [mailto:jvlahakis@hinshawlaw.com]
**Sent:** Thursday, August 21, 2008 11:37 AM
**To:** Kathryn Ciesla
**Subject:** Re: Please see the attached.


Hello:

I've just resumed near full time work after the birth of my second son last week.  I'm responding to your various deposition dates (assuming we don't settle).

-David Kaufman is unavailable to be deposed on September 8th.  As a professional courtesy, he has asked me to tell you that he is free to be deposed on September 11th or 12th.  However, there is two key points that you should consider.  One, anything Mr. Kaufman said to members of RBG and the Board will likely be privileged.  Two, Mr. Kaufman's discussions with your husband are confidential pursuant to FRE 408.

-Marcy Lasko cannot attend the deposition in Northbrook given the fact she is taking care of her husband who suffers from terminal cancer.  Suffice it to say she cannot find the time to travel to Northbrook or Chicago for a deposition.  That said, she could attend a deposition via telephone at a time convenient for her.

-Larry Kazanowski is no longer a member of the board and we cannot therefore accept a notice of his deposition.  Also, he lives in Michigan at the address we provided to you.  For these reasons, he has informed me that he cannot attend an in-person deposition.  Let know if you want to do this by phone and I will see if the date you have proposed works for him.

-Jack Milner has resigned from the board and will require a subpoena.  Also, he lives in St. Louis Missouri.  That said, he's willing to be deposed via telephone or videoconference at a mutually agreeable time.

-Josh Daitch is not free on 15th.  However, he is free on the 16th and the 17th.  Please reconfirm one of these dates as he can't hold open the 16th and 17th for too long.

I will respond to  your recent discovery related letter later today or tomorrow.

-James

---

James C. Vlahakis
Hinshaw & Culbertson, LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3715
312-704-3001 [fax]

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

No virus found in this incoming message.
Checked by AVG - http://www.avg.com
Version: 8.0.138 / Virus Database: 270.6.6/1625 - Release Date: 8/21/2008 6:04 AM